160 N.J. Super. 188 (1978)
389 A.2d 488
TERESA CLAY, INDIVIDUALLY AND AS GENERAL ADMINISTRATRIX OF THE ESTATE OF THOMAS W. CLAY, DECEASED, PLAINTIFF-RESPONDENT-CROSS-APPELLANT,
v.
NEW JERSEY SPECIAL JOINT UNDERWRITING ASSOCIATION, SUCCESSOR TO GATEWAY INSURANCE COMPANY, DEFENDANT-APPELLANT-CROSS-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 31, 1978.
Decided June 15, 1978.
*189 Before Judges MATTHEWS, CRANE and ANTELL.
Mr. James J. Casby, Jr. argued the cause for appellant (Messrs. Casby, Garrigle & Chierici, attorneys. Mr. Donald R. Chierici, Jr., of counsel and Mr. Richard C. Borton on the brief).
Mr. Anthony J. Falciani argued the cause for respondent (Messrs. Falciani & DiMuzio, attorneys; Mr. Joseph J. Hoffman, Jr. on the brief).
*190 PER CURIAM.
Defendant appeals from an order granting plaintiff's motion for summary judgment which determined that plaintiff was entitled to income continuation benefits pursuant to N.J.S.A. 39:6A-4(b) and (d) of the No Fault Act (N.J.S.A. 39:6A-1 et seq). Plaintiff cross-appeals from the denial of interest on the award (N.J.S.A. 39:6A-5) and the denial of her request for counsel fees.
Plaintiff's decedent died as a result of injuries he received in a motor vehicle accident. At the time of the accident decedent was collecting unemployment compensation benefits inasmuch as he had been laid off from his regular employment as a forklift operator. Plaintiff widow applied to defendant for PIP income continuation benefits under N.J.S.A. 39:6A-4(d). The claim was rejected.
At the hearing on the motion for summary judgment defendant argued that it was not required to pay income continuation benefits to plaintiff, as decedent's survivor, because decedent was not, in fact, an "income producer," as defined in N.J.S.A. 39:6A-2(d), at the time of his death. Defendant claimed the decedent did not enjoy the required "occupational status" because he was unemployed. The trial judge rejected that argument, finding that decedent had an occupational status which was evidenced by his prior work record and his eligibility for unemployment compensation, and that he was in fact earning income in the form of those unemployment benefits.
The question presented is whether an individual, receiving unemployment compensation benefits at the time of an accident, is an income producer within the meaning of N.J.S.A. 39:6A-2(d) and N.J.S.A. 39:6A-4(b). Although several reported Law Division opinions deal with this issue, it is one of first impression for this court.
N.J.S.A. 39:6A-4 requires automobile liability insurance policies to provide additional coverage, which must include income continuation benefits. Those benefits consist of "payment of the loss of income of an income producer as a result of *191 bodily injury disability * * *," with a $5,200 limit. Subsection (d) of that section requires that those payments be made to survivors in the event the insured dies as a result of his injuries.
N.J.S.A. 39:6A-2(d) defines income producer as "a person, who at the time of the accident causing personal injury or death, was in an occupational status, earning or producing income." Subsection (c) defines income as "salary, wages, tips, commissions, fees and other earnings derived from work or employment." N.J.S.A. 39:6A-16 requires that the provisions of the No Fault Act be liberally construed so as to effect and implement the purpose of the act.
We decide that an individual receiving unemployment compensation benefits enjoys an occupational status sufficient to bring him within the purview of the No Fault Act. Such an individual is clearly a member of the working population. We note that one of the requirements for an individual to be eligible for unemployment compensation benefits is that he be available and willing to accept employment commensurate with his skills. In reality, a recipient of unemployment compensation benefits is entitled to receive those benefits by virtue of his "occupational status" with his former employer.
The Legislature did not specify that occupational status required an active relationship between the insured and a specific employer. N.J.S.A. 39:6A-4(b) requires only an occupational status from which the individual earns or produces income. Unemployment compensation benefits have, in fact, been defined as "income." Battaglia v. Bd. of Review, 14 N.J. Super. 24, 27 (App. Div. 1951).
There is nothing in the No Fault Act which prohibits the conclusion that an individual in a "passive" occupational status, still earning or producing income as a result of that status, is nevertheless an income producer and thus entitled to income continuation benefits. Unquestionably, unemployment *192 compensation benefits serve the same purpose of support and maintenance of the beneficiary and his dependents as would a salary from the job the beneficiary no longer holds because of layoff. The purpose of the income continuation benefits provision is to provide for the loss of income suffered as a result of an automobile accident. We deem it manifestly unfair to deny an individual receiving unemployment compensation benefits payment for that loss which, in every other respect, is identical to a loss of salary from active employment. Plaintiff's motion for summary judgment was properly granted.
We also affirm the trial judge's denial of plaintiff's request for interest on the judgment and attorney's fees. The trial judge based his denial on his finding that "defendant had a reasonable basis for refusing payment." Given the disparity of opinion in the reported cases involving this issue, we agree that defendant held a reasonable belief that it was not responsible to pay plaintiff's claim. Under those circumstances, we find no mistaken exercise of the trial judge's discretion in denying plaintiff's request for interest on the judgment (N.J.S.A. 39:6A-5(b); Ortiz v. Safeco Ins. Co., 144 N.J. Super. 506, 508 (App. Div. 1976), certif. den. 73 N.J. 63 (1977)), or in his determination to disallow counsel fees (R. 4:42-9; Felicetta v. Commercial Union Ins. Co., 117 N.J. Super. 524, 528 (App. Div. 1971), certif. den. 60 N.J. 141 (1972)).
Affirmed.