167 N.J. Super. 209 (1979)
400 A.2d 799
SHERMAN VIRDEN, PLAINTIFF-APPELLANT,
v.
TRAVELERS INSURANCE COMPANY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 20, 1979.
Decided April 2, 1979.
*210 Before Judges LORA, MICHELS and LARNER.
Mr. Arthur M. Shara argued the cause for appellant (Mr. Shara on the brief).
Mr. Joel N. Kreizman argued the cause for respondent (Messrs. Evans, Koelzer, Marriott, Osborne and Kreizman, attorneys; Mr. Kreizman on the brief).
PER CURIAM.
Plaintiff Sherman Virden worked for Union Carbide Company as a raw materials operator from June 1970 until November 6, 1977 when he was furloughed and given three weeks of severance pay because of a reduction in force. He immediately filed for unemployment compensation and started receiving benefits of $104 a week as of November 13, 1977. On November 29, 1977 Virden was in an automobile accident. The attending physician's report submitted *211 to defendant Travelers Insurance Company on Virden's behalf indicated that he suffered auditory neuritis and shoulder strain as a result of injuries sustained in the accident. Notwithstanding his medical problems and treatments, Virden continued to collect unemployment benefits through the first part of May 1978 when he returned to the job market.
On April 10, 1978 Virden filed a complaint seeking income continuation benefits from Travelers under a policy in effect at the time of the accident. In addition to the statutory minimum required by N.J.S.A. 39:6A-4(b), Virden had purchased the additional coverage provided for in N.J.S.A. 39:6A-10. Plaintiff's action also included a claim of negligence against the other driver involved in the accident, but that portion of the complaint was severed from the income continuation claim when the latter was accelerated by the trial court. In a written opinion dated September 21, 1978 the trial judge found that plaintiff had suffered no loss of income within the meaning of the statute and accordingly he denied plaintiff's application for income continuation benefits, counsel fees and costs. We granted plaintiff's motion for leave to appeal from the order of dismissal.
Both parties agree that plaintiff qualified as an income producer within the statutory definition of N.J.S.A. 39:6A-2(d) by virtue of his receiving unemployment compensation benefits at the time of the accident. Clay v. N.J. Special Joint Underwriting Ass'n, 160 N.J. Super. 188 (App. Div. 1978). The dispute between the parties, however, centers around plaintiff's claim of income loss resulting from bodily injury disability, the other two mandatory elements for recovery of income continuation benefits. N.J.S.A. 39:6A-4(b); Greenberg v. Great American Ins. Co., 146 N.J. Super. 69 (Law Div. 1976), rev'd on other grounds, 158 N.J. Super. 223 (App. Div. 1978).[1]
*212 As set forth above, plaintiff was "earning" $104 a week in unemployment benefits at the time the accident occurred and continued to receive that amount through the first half of May 1978 when he obtained a job. The fact that prior to his termination at Union Carbide which occurred before the accident, plaintiff had been earning $275.94 base pay a week, or $290.51 average including overtime, is of no significance. The injuries sustained in the accident did not result in a reduction of the income plaintiff was receiving at the time of said accident. Cf. Greenberg v. Great American Ins. Co., supra, 158 N.J. Super. at 229. And see Muschette v. Gateway Ins. Co., 149 N.J. Super. 89, 94 (App. Div. 1977), aff'd 76 N.J. 560 (1978) and Zyck v. Hartford Ins. Group, 143 N.J. Super. 580 (Law Div. 1976), mod. 150 N.J. Super. 431 (App. Div.), certif. den. 75 N.J. 521 (1977).
The judgment of dismissal as to defendant Travelers Insurance Company is affirmed and the matter is remanded for further proceedings on plaintiff's action as to defendant Rose Marie McGeary.
NOTES
[1] Appeal pending in New Jersey Supreme Court by virtue of a dissent in the Appellate Division.