170 N.J. Super. 415 (1979)
406 A.2d 984
CORNELIUS VAN HOUTEN, PLAINTIFF-RESPONDENT,
v.
NEW JERSEY MANUFACTURERS INSURANCE COMPANY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 25, 1979.
Decided October 5, 1979.
*416 Before Judges FRITZ, KOLE and LANE.
*417 Ms. Linda A. Palazzolo argued the cause for appellant (Messrs. Connell, Foley & Geiser, attorneys; Ms. Palazzolo on the brief.
Mr. Alfred E. Fontanella argued the cause for respondent (Messrs. Fontanella, Shashaty, Leonard & Harris, attorneys; Mr. Fontanella, of counsel and on the brief).
PER CURIAM.
The trial judge allowed a counsel fee to plaintiff following a settlement of a claim for personal injury protection payments. The facts are set forth in the opinion of the trial judge, with one exception to be mentioned below. Plaintiff appeals the amount of the counsel fee awarded. Defendant appeals the award of any counsel fee.
R. 4:42-9(a) provides that no fee for legal services shall be allowed except as set forth in that rule. Our Supreme Court adopted the policy that except in situations set forth within the terms of the rule "each litigant shall bear the expenses of prosecuting and defending his individual interests." Sunset Beach Amusement Corp. v. Belk, 33 N.J. 162, 167 (1960). R. 4:42-9(a)(6) provides that a counsel fee may be allowed "[i]n an action upon a liability or indemnity policy of insurance, in favor of a successful claimant." Settlement results from a compromise which means that each party gives up certain claims to reach a peaceful solution of an ongoing dispute. There is persuasion to the argument that a "successful claimant" referred to a claimant who had succeeded in a litigated matter as a result of action by the court. It is difficult to understand how there could be a "successful claimant" in an action which has been disposed of by compromise since such compromise could, and probably should, have considered and concluded any question of a counsel fee.
The one fact that does not appear clearly in the trial court's opinion is that on the day of trial plaintiff was prepared to try the case but was dissuaded by the judge because plaintiff was receiving everything that he could have gotten at the trial. It *418 also appears that the judge contemplated that the counsel fee matter would be preserved to be disposed of in a later motion proceeding. Had the plaintiff proceeded to trial and had there been a finding, as there would have been, for the amount of the settlement, there is no doubt the judge could have awarded a counsel fee. Cirelli v. Ohio Cas. Ins. Co., 72 N.J. 380, 385 (1975). For the purpose of determining the applicability of R. 4:42-9(a)(6) to the situation before the court, the settlement can be analogized to a judgment. The amount of the award was within the discretion of the judge, which discretion was not abused.
The holding herein is limited to the exact facts before the court in this case. The judgment is affirmed. No costs.