LYNFORD MILLER AND ANN E. MILLER, PLAINTIFFS, v. THE OHIO CASUALTY GROUP, DEFENDANT.

Superior Court of New Jersey
Law Division Somerset County

Decided September 15, 1980.

*Edmund R. Bernhard*, for plaintiffs (*Bernhard, Durst & Dilts*).

*Bruce E. Helies*, for defendant (*Wolff, Helies & Duggan*).

GAYNOR, J. S. C.

This case presents a variation on the theme of what constitutes a "loss of income" to warrant payment of income continuation benefits under the personal injury protection coverage of an automobile insurance policy. It is our opinion that the issue presented in this case must be decided in favor of the plaintiffs-insured.

The matter has been submitted to the court on the basis of the following facts as set forth in the pleadings, affidavits and deposition of plaintiff, Ann E. Miller. In September, 1978, Mrs. Miller temporarily discontinued her employment at the Air Park Bowling Lanes to enter the hospital for surgical treatment. She received sick pay from her employer during this hospitalization and for several weeks thereafter. In November the payments from her employer ceased and she commenced receiving unemployment benefits of $41 per week. During the latter part of November an acquaintance contacted Mrs. Miller and inquired as to whether she was interested in a $200 per week clerical position with North Pole Insulation Company. She indicated interest and received clearance from her physician for resumption of employment. On December 5, 1978 the plaintiff was offered the position to commence immediately. However, she was unable to accept or pursue the employment because of injuries she sustained on the preceding day, December 4th, as a result of being involved in an automobile accident.

The unemployment benefits were received by Mrs. Miller through December 3, 1978, and thereafter she received disability payments in approximately the same weekly amount until April, 1979. At that time her former job at Air Park Bowling Lanes was no longer available and the position at North Pole Insulation Company had been filled. She resumed full-time employ-

ment the following September with Channel Home Centers at a salary of approximately $135 per week.

The plaintiffs were insured under a policy issued by defendant which, pursuant to *N.J.S.A.* 39:6A–4(b), provided for income continuation benefits for loss of income as a result of bodily injury disability. Application for such benefits was made and denied by the defendant. The present action ensued.

Defendant contends that, although Mrs. Miller at the time of the accident was an income producer within the terms of the statute and the policy, she did not sustain any loss of income as a result of being injured. This position is predicated upon the fact that, prior to the accident, she was receiving unemployment benefits of approximately $41 per week and, after the accident, received the same amount as temporary disability payments. It argues that the anticipated employment by the North Pole Insulation Company cannot be considered, as an employer-employee relationship between the company and Mrs. Miller did not exist at the time of the accident.

Plaintiffs' contention is that the injuries suffered by Mrs. Miller in the accident prevented her from commencing employment with the North Pole Insulation Company resulting in a loss of income measured by what she would have earned from such employment. They assert that there was sufficient definiteness as to the proposed employer-employee status to warrant the measurement of her loss of income by this anticipated employment.

The income continuation benefits provided for in the policy issued to plaintiffs, as mandated by statute, are designed to compensate for the loss of income sustained as a result of an automobile accident. The measure of such income loss is "the difference between what one would have earned had injury not occurred and what one did earn." *Greenberg v. Great American Insurance Co.,* 158 *N.J.Super.* 223 (App.Div.1978), aff. 79 *N.J.* 399 (1979). Thus in *Greenberg, supra,* it was held that an employee whose income is derived solely from commissions is

entitled to benefits based upon what he would have earned except for the disabling accident, even though his actual earnings after the accident equaled or exceeded his pre-accident income. The court also suggested that this rule would permit recovery based upon anticipated increases in earnings which were not received because of an intervening accident, stating:

> Application of this formula to a salaried worker would permit his recovery of a salary increase scheduled to commence one week after a disabling accident; had the accident not occurred, the worker would have earned the increased salary even though the salary was greater than that which he earned before the accident. He should be permitted to establish that fact. A regularly received annual increment should be recoverable even though the employee was not entitled to it before the accident. A salaried worker should be permitted to prove that he was scheduled to commence work on a second part-time job with which the accident interfered. In all of these hypothetical situations, the injured person, a salaried worker, would be permitted to show what he would have earned had he not been injured. The difference between that figure and what he did earn after the accident measures his income loss. He should not, as a matter of law, be limited to what he was earning before the accident.

A similar construction of the statute has been applied in determining whether an insured is an "income producer", i. e. "a person, who at the time of the accident .... was in an occupational status, earning or producing income", *N.J.S.A. 39:6A–2(d)*. In *Hunter v. Hartford Accident and Indemnity Co.*, 155 *N.J.Super.* 16 (Law Div.1977), the plaintiff had taken a voluntary leave of absence from her employment and was scheduled to resume her job when she was involved in an automobile accident and sustained injuries which prevented such activity. In concluding that she was an "income producer" and in an "occupational status" at the time of the accident, the court reasoned that the accident interfered with her resumption of employment and precluded her from receiving the income which she was about to earn.

However, this rule is applicable only where the increase in earnings resulting from a salary increment or other employment has been arranged and determined prior to the disabling accident. Thus, the higher wages previously earned by an insured, who was receiving unemployment compensation at the

time of the automobile accident and was not scheduled to return to his prior employment, was of no significance in the measurement of his loss of earnings for income continuation benefits. *Virden v. Travelers Insurance Co.*, 167 *N.J.Super.* 209 (App.Div. 1979).

In the instant case, Mrs. Miller would have entered the employ of the North Pole Insulation Company at a weekly salary of $200 on or about December 5, 1978 except for the accident which occurred on the preceding day. Because of the injuries suffered in the accident she was unable to pursue this employment and accordingly was thereby prevented from enjoying the earnings from such employment. The fact that Mrs. Miller was not on the payroll of the company on the date of the accident does not preclude her from receiving benefits based upon her anticipated earnings from the proposed employment. When the accident occurred the job was available and she intended to accept the position. The loss of earnings which would have been received by virtue of this employment is, in substance, no different than the loss by a salaried employee of a scheduled increment or earnings from a proposed second part-time job. The appropriate measure of her loss of income therefore is the difference between that which she would have earned as an employee of the North Pole Insulation Company and what she did receive by way of disability payments. Accordingly, Mrs. Miller was entitled to income continuation benefits under the policy issued by the defendant measured by this formula.