234 N.J. Super. 429 (1988)
560 A.2d 1301
ANDREW OLEWINSKY, AN INFANT BY HIS GUARDIAN AD LITEM, DEBORAH OLEWINSKY, AND DEBORAH OLEWINSKY INDIVIDUALLY, PLAINTIFFS,
v.
AETNA CASUALTY & SURETY INSURANCE COMPANY, DEFENDANT.
Superior Court of New Jersey, Law Division Union County.
Decided September 23, 1988.
*430 Steven J. Greenstein, Esq., (Shevick, Ravich, Koster, Tobin Oleckna & Reitman, Esqs.,) for plaintiffs.
Mary S. Brennan, Esq., (Hoagland, Longo, Oropollo & Moran, Esqs.,) for defendant.
MENZA, J.S.C.
This is a motion for attorney fees for services rendered in connection with a personal injury protection claim (PIP) (N.J.S.A. 39:6A-4).
The question presented is whether attorney fees are allowable where a PIP claim is settled prior to trial. To date, this question remains unanswered.
The plaintiff, Deborah Olewinsky, who was eight months pregnant at the time, was involved in an automobile accident while operating a vehicle insured by the defendant. She contends that as a result of the accident, she sustained injuries which required medical attention and obligated her to pay medical bills. She also contends that as a further result of the accident, her child, Andrew, was born prematurely (two weeks after the accident), and required medical attention in connection with this premature birth. The plaintiff made a claim to the defendant for payment of the medical bills for herself and her son. The defendant refused to pay all of Mrs. Olewinsky's bills, contending that they were excessive. It also refused to pay any of Andrew's bills, contending that they were not causally related to the accident. The plaintiffs then instituted suit. Both parties retained the services of physicians as expert *431 witnesses on the question of causal relationship regarding Andrew's claims. The experts differed on the question.
Both claims were settled at a conference in which this Court participated. The settlement provided for the payment of all Mrs. Olewinsky's bills, and 50% of Andrew's. The question of whether the defendant should pay the plaintiff an additional sum of money for attorney fees was specifically left open for future discussion and determination. It was not contemplated by the parties that settlement amounts would include attorney fees.
The plaintiff has now requested that this Court grant her attorney fees in connection with her settled claims.
The defendant opposes the motion contending that the Court Rules do not permit an award of attorney fees where a case is settled.
The question of whether attorney fees are allowable when a PIP claimant settles his case rather than obtaining a judgment has not been specifically decided by the courts. In the case of Van Houten v. New Jersey Manufacturers Insurance Co., 170 N.J. Super. 415 (App.Div. 1979), the court allowed attorney fees where there was no judgment but where the case was settled for the full amount on the day of trial.
In dicta, the court commented on the meaning of a "successful claimant," stating:
Settlement results from a compromise which means that each party gives up certain claims to reach a peaceful solution of an ongoing dispute. There is persuasion to the argument that a "successful claimant" referred to a claimant who had succeeded in a litigated matter as a result of action by the court. It is difficult to understand how there could be a "successful claimant" in an action which has been disposed of by compromise since each compromise could, and probably should, have considered and concluded any question of counsel fee. [at 417.]
It then concluded:
Had the plaintiff proceeded to trial and had there been a finding, as there would have been, for the amount of the settlement, there is no doubt that the judge could have awarded a counsel fee. Cirelli v. Ohio Cas. Ins. Co., 72 N.J. 380, 385 (1977). For the purpose of determining the applicability of R. *432 4:42-9(a)(6) to the situation before the court, the settlement can be analogized to the judgment. [Id.]
The specific question then is whether it is necessary for a claimant to obtain a judgment, or a settlement which can be characterized as a judgment, in order to be entitled to attorney fees under R. 4:42-9(a)(6). Based upon consideration of the underlying purpose of the Rule allowing attorney fees, as well as the nature of PIP claims and the realities of PIP settlements, this Court concludes that attorney fees should be allowed when a case is settled at any time after the commencement of suit, for a sum which exceeds the original offered by the insurer made prior to the institution of suit.
Attorney fees are allowable under R. 4:42-9(a)(6).[1] That Rule permits an award of "counsel fees in an action upon a liability or indemnity policy of insurance, in favor of a `successful claimant.'" The Rule has been interpreted as allowing fees in PIP actions where an injured claimant obtains a judgment in his claim. See Maros v. Transamerica Ins. Co., 76 N.J. 572 (1978); Cirelli v. The Ohio Casualty Ins. Co., 72 N.J. 380 (1977).
The purpose of R. 4:42-9(a)(6) is set forth in Felicetta v. Commercial Union Ins. Co., 117 N.J. Super. 524, 528 (App. Div. 1971):
one purpose of the amendment to the rule permitting an allowance for attorney fees in a case of this kind was to discourage groundless disclaimers by assessing against the insurer's expenses incurred by their assured's in enforcing coverage.
Another purpose set forth in a Law Division case, N.J.Manu. Ins. Co. v. Consolidated, 124 N.J. Super. 598, 601, 308 A.2d 76 (Law Div. 1973):
... (a) compelling motivation for this (Rule) was the desire of providing more equitably for the assured the benefits bargained for in his contract of insurance without unanticipated expense over and above the premiums paid for insurance protection.
PIP claims are generally tangential to personal injury claims. They result from the insurer's refusal to pay medical bills *433 incurred by the insured, either because the insurer considers the bills excessive or because it considers them unnecessary. Unlike personal injury claims, however, PIP claims are for fixed sums of money  liquidated sums  which the claimant is obligated to pay to a medical provider.
As with most cases, PIP claims rarely go to trial, usually being settled for amounts which reflect what the parties feel is a fair figure after taking into account the risks and expenses of trial. Normally, because of a lack of specific legal guidance on the question of attorney fees, they are not usually discussed, and as a result, no additional sums of money are paid by the insurer to cover these fees. The result of this is that the claimant is required to pay attorney fees, thereby diminishing the net proceeds of the settlement to a sum not originally contemplated, and which ultimately effects the obligation of the insured to the medical provider.
The intent of the Rule is to charge the insurer with the additional expenses necessitated by an insured who is forced to bring suit for his claim. But, the realities of PIP settlements are that the insured must pay his own attorney fees. This effectively undermines the intent of the Rule. In order to implement the intent of the Rule, the definition of a "successful claimant" must be given a liberal interpretation so as to encompass not only judgments and last minute settlements, but settlements effectuated prior to trial as well.
There is logic to this conclusion. Clearly, a claimant who obtains a judgment for the full amount of his claim is a "successful claimant." Similarly, a claimant who obtains a judgment for less than the full amount he seeks is also a "successful claimant" under the law. Therefore, logic should dictate that a claimant who obtains either a settlement for the full amount of his claim prior to the trial date or who obtains a settlement for a sum less then the full amount of his claim, but for more than that which he was offered prior to the institution of suit, should similarly be characterized as a "successful *434 claimant." He is, after all, getting more than that which he would have obtained in the first place. In this respect, therefore, he is successful.
Finally, it is simply unfair to burden an insured with attorney fees in order to receive moneys to which, at least in part, he was entitled to in the first place.
Therefore, this Court holds that the plaintiff is entitled to an award of attorney fees. I have reviewed the plaintiff's attorney's certification of services rendered, and award to the plaintiff the sum of $4,500.00, plus expenses, which I believe is fair and reasonable for payment of attorney fees.
NOTES
[1] Attorney fees are also allowed under the PIP statute, N.J.S.A. 39:6A-5, where an insured claimant prevails in an arbitration proceeding for PIP benefits.