238 N.J. Super. 580 (1990)
570 A.2d 468
ALAN BREWSTER, PLAINTIFF-APPELLANT AND CROSS-RESPONDENT,
v.
KEYSTONE INSURANCE CO., DEFENDANT-RESPONDENT AND CROSS-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 18, 1990.
Decided February 16, 1990.
*581 Before Judges DREIER, SCALERA and WEFING.
Anthony P. LaRocco argued the cause for appellant (Crummy, Del Deo, Dolan, Griffinger & Vecchione, attorneys; Anthony P. LaRocco and Michael N. Aquino, on the brief).
Lane M. Ferdinand argued the cause for respondent cross-appellant (Lane M. Ferdinand, on the brief).
The opinion of the court was delivered by DREIER, J.A.D.
Plaintiff, Alan Brewster, appeals from the denial of his motion to have statutory interest added to overdue Personal Injury Protection (PIP) payments. For three and one-half years, Keystone Insurance Company (Keystone) contested plaintiff's right to the insurance coverage that included the PIP provisions, and then by way of settlement agreed to pay all of plaintiff's past and future medical expenses. Plaintiff also *582 seeks to increase the counsel fee award. Defendant cross-appeals from the award of any counsel fees, claiming it to be an abuse of discretion.
On December 17, 1984 plaintiff, Alan Brewster, applied for insurance coverage from Keystone. He issued a $235 check for the initial premium but the check was later dishonored. Under the terms of the application Keystone would have had grounds to void the policy ab initio. However, Keystone thereafter took several actions indicating that it considered the policy still to be in force. These even included a March 5, 1985 billing for the initial premium, which informed plaintiff that he should pay the bill "to avoid cancellation of coverage."
On February 16, 1985 Brewster was involved in a car accident as a passenger, suffering serious permanent and temporary injuries requiring over $200,000 in medical bills. A proof of loss was timely filed with Keystone. Notwithstanding its clear acknowledgment that coverage was in effect as late as March 5, 1985, on March 14, 1985, before the $235 had been paid, Keystone initially advised Brewster that as his check had been dishonored his "coverage never was in effect."
Following extensive litigation, Keystone and Brewster arrived at a settlement whereby Keystone agreed to pay all of Brewster's past and future medical expenses, yet reserved the issues of statutory interest on the settlement payments and counsel fees.[1] The trial judge denied plaintiff's later motion for statutory interest, stating that Keystone "certainly had a legitimate right to contend in this case that they were not responsible." A subsequent hearing in front of another judge to determine attorneys' fees resulted in an award of $28,600 to plaintiff's counsel, although they requested $59,797.50. As noted at the outset, plaintiff appeals the failure to grant statutory *583 interest and the reduction of counsel fees; defendant appeals from any award of counsel fees.
Plaintiff claims that under N.J.S.A. 39:6A-5b he was entitled to statutory interest on the medical expenses acknowledged by the defendant in the settlement to be due. According to plaintiff, interest accrued immediately on each bill, totaling $52,899.05 as of October 28, 1988. Although at oral argument counsel agreed that the amount of interest is not in dispute, defendant asserts that the statute does not mandate an award of interest. The trial judge ruled in defendant's favor, applying a standard for statutory interest awards that clearly existed under the pre-1983 version of N.J.S.A. 39:6A-5b, but which we find not to be the proper standard under the current statute.
The version of N.J.S.A. 39:6A-5b currently in effect, and in effect at the time of the accident, provides that personal injury protection payments are "overdue"
if not paid within 30 days after the insurer is furnished written notice of the fact of a covered loss and of the amount of same.... [P]rovided, however, that any payment shall not be deemed overdue where within 30 days of receipt of notice of the claim, the insurer notifies the claimant or his representative in writing of the denial of the claim or the need for additional time, not to exceed 45 days, to investigate the claim, and states the reasons therefor.... For the purpose of determining interest charges in the event the injured party prevails in a subsequent proceeding where an insurer has elected a 45 day extension pursuant to this subsection, payment shall be considered overdue at the expiration of the 45 day period or, if the injured person was required to provide additional information to the insurer, within 10 business days following receipt by the insurer of all the information requested by it, whichever is later.
N.J.S.A. 39:6A-5b, prior to the 1983 amendment, provided that payment shall not be deemed "overdue" where
the insurer has reasonable proof to establish that the insurer is not responsible for the payment, notwithstanding that written notice has been furnished to the insurer.
The issue is whether the amendment thereby precluded the defense available to the insurer under the pre-1983 statute, viz. that having an objectively meritorious defense exempted the *584 insurer from paying interest.[2]
Only one case, Miskofsky v. Ohio Cas. Ins. Co., 203 N.J. Super. 400, 415, 497 A.2d 223 (Law Div. 1984), overruled on other grounds in Simon v. CNA Ins. Co., 225 N.J. Super. 606, 543 A.2d 110 (App.Div. 1988), certif. den. 113 N.J. 350, 550 A.2d 461 (1988), addresses the issue under the amended statute. Miskofsky, without discussion, retained the objectively meritorious defense standard, but then went on to hold that the insurance company's defense was not objectively meritorious and therefore, it was responsible for statutory interest.
By specifically repealing the pre-1983 "reasonable proof" language, the Legislature has rejected the objective meritorious defense concept. The right to interest commences when the statutory investigation period expires. This proposition appears to have been accepted by most insurers. See, e.g., Kowaleski v. Allstate Ins. Co., 238 N.J. Super. 210, 216, 569 A.2d 815 (App.Div. 1990). If in fact the judge in Miskofsky v. Ohio Cas. Ins. Co., supra, applied the post-amendment standards, we disagree with any premise that the reasonableness of the defense has any present bearing on the obligation to pay interest under the 1983 amended Act. As the case may be so understood it is overruled.[3] On remand, plaintiff's award should be recalculated with statutory interest.
The case before us also presents the issue of whether medical expenses paid by the insurer by virtue of a settlement agreement constitute "overdue" payments that accrue interest *585 under N.J.S.A. 39:6A-5. The statute provides that interest should be awarded where "the injured party prevails in a subsequent proceeding." In a case where there is a judicial determination that the payments were overdue, the statute is clear. In the case before us, however, there is no such judicial determination; but we see no reason to reach a different result.
Any reading of the statute that limits the receipt of interest after the statutory investigation period would be at odds with the statutory scheme of making certain that eligible insureds receive prompt payment of expenses, without having to await the outcome of protracted litigation. Milcarek v. Nationwide Ins. Co., 190 N.J. Super. 358, 366, 463 A.2d 950 (App.Div. 1983). The statute simply states that "benefits shall be overdue if not paid within 30 [or 45] days" after notice of the accident, and does not differentiate between payments arising from a judicial determination, payments agreed upon by way of settlement, or simply late payments by the insurer. Whenever a plaintiff receives payments from the insurer, he or she is for the purposes of N.J.S.A. 39:6A-5b an injured party who "prevails in a subsequent proceeding." To be made whole, the claimant deserves interest on the payments, irrespective of whether such payments have been made by settlement or judgment. See also Van Houten v. N.J. Manufacturers Insurance Co., 170 N.J. Super. 415, 406 A.2d 984 (App.Div. 1979); and cf. Olewinsky v. Aetna Cas. & Sur., 234 N.J. Super. 429, 433-434, 560 A.2d 1301 (Law Div. 1988) (Settling insurance plaintiffs held to be "successful claimants" for purposes of awarding counsel fees under R. 4:42-9(a)(6)).
Both plaintiff and defendant allege abuse of discretion by the trial court in the award of counsel fees. Plaintiff alleges an abuse of discretion with regard to the reduction of the requested attorneys' fees, and points to the insurer's "outrageous and contemptuous conduct" during the three and one-half year case, as well as the "arbitrary review" conducted by the trial judge. Defendant alleges abuse of discretion concerning *586 any award of attorneys' fees at all. Defendant claims that plaintiff requested excessive counsel fees, and notes that the judge found no basis to award interest, "yet awarded counsel fees without any factual basis of finding."
The motion judge held a separate hearing to determine counsel fees. Plaintiff requested $59,797.50 in fees and costs. After reviewing a few of the entries on plaintiff's bill, the judge stated:
I reviewed and analyzed it and distilled it, I found it somewhat shocking and I found in my opinion it was an attempt at over reaching and I find that the application is unreasonable. And the choices that this Court has is to go through each item on your bill line by line and analyze each item which I am not going to do. In light of the complexity of the bill, and I recognize this was not an easy case, but I think the application for counsel fees is based upon the Court's discretion and it is to be reasonable. And I find that your disbursements, somewhat different from normal, were not unreasonable but I find a reasonable counsel fee based upon the totality of all the circumstances $28,600.
Rule 4:42-9(a)(6) provides that counsel fees may be awarded "[i]n an action upon a liability or indemnity policy of insurance, in favor of a successful claimant." While this rule has not generally been held applicable to first party claims, an exception has been made in PIP cases. See Kowaleski v. Allstate Ins. Co., supra, 238 N.J. Super. at 216, n. 2, 569 A.2d 815, and the cases there collected.[4] The amount of attorneys fees falls within the discretion of the trial judge. Van Houten, *587 supra, 170 N.J. Super. at 418, 406 A.2d 984; Enright v. Lubow, 215 N.J. Super. 306, 313, 521 A.2d 1300 (App.Div. 1987), certif. den. 108 N.J. 193, 528 A.2d 19 (1987). But the judge's reasons for exercising his discretion should be clearly stated. R. 1:7-4; Grayer v. Grayer, 147 N.J. Super. 513, 371 A.2d 753 (App.Div. 1977). Enright, supra, sets forth many factors to consider when awarding attorneys' fees. 215 N.J. Super. at 313-314, 521 A.2d 1300. Some are applicable to the issue of whether to award fees at all; others relate to the amount to be awarded. The only question here was the amount of the fee. A "broad brush" approach to analyzing requested fees may be acceptable in some cases, and we sympathize with the trial judge's refusal to analyze on a line-by-line basis an affidavit of services he considered inflated and unreasonable. He should, however, have set forth a basis for reaching what well may have been a fair result. Under Enright the excessiveness of the attorney's demand is a valid factor; but it requires adjudication after a factual inquiry. He may even order a new submission of the application, adhering to reasonable standards he may set for billing. Thus we must remand for reconsideration on this point also.
The decision to deny plaintiff statutory interest on his award is reversed. The matter is remanded to the Law Division for entry of a judgment for plaintiff for the settlement, plus interest, and for reconsideration of the amount of counsel fees to be awarded. The cross-appeal is dismissed.
NOTES
[1] Notwithstanding the settlement, placed on the record on July 5, 1985, plaintiff was still unable to collect the payments. On December 16, 1988 plaintiff successfully moved to enforce the settlement.
[2] Under N.J.S.A. 39:6A-5b as it existed prior to the 1983 amendment, if an insurance company interposed an objectively meritorious defense, and was then later adjudicated responsible for payments, the payments were not considered overdue and the company suffered no liability for interest on the payments. Clay v. New Jersey Special Joint Underwriting Assn., 160 N.J. Super. 188, 192, 389 A.2d 488 (App.Div. 1978).
[3] Plaintiff had also contended that he was entitled to statutory interest because Keystone lacked a defense with objective merit. The issue is now irrelevant, although it was the basis for the Law Division's decision.
[4] This rule has also been held to apply to an insured who settled just before trial, where the judge persuaded plaintiff that he or she was receiving all he or she could have gotten at trial. As noted earlier, we do not distinguish between cases which go to judgment and those that are settled. Van Houten v. N.J. Manufacturers Insurance Co., 170 N.J. Super. 415, 417-418, 406 A.2d 984 (App. Div. 1979); Olewinsky v. Aetna Cas. & Sur., 234 N.J. Super. 429, 560 A.2d 1301 (Law Div. 1988) ("a claimant who obtains either a settlement for the full amount of his claim prior to the trial date or who obtains a settlement for a sum less than the full amount of his claim, but for more than that which he was offered prior to the institution of suit, should similarly be characterized as a `successful claimant.'" Id. at 433-434, 560 A.2d 1301). We agree, but note that a plaintiff may "prevail" to some extent, and thus be entitled to interest, but not be a "successful claimant" unless he meets the Olewinsky standard to be paid attorneys' fees.