393 S.E.2d 647

**John E. JORDAN and Lucille Jordan**

v.

**NATIONAL GRANGE MUTUAL INSURANCE COMPANY.**

No. 19153.

Supreme Court of Appeals of West Virginia.

April 2, 1990.

Rehearing Denied June 7, 1990.

Robert N. Bland, Charleston, for John E. Jordan and Lucille Jordan.

Arden J. Curry, II, Pauley, Curry, Sturgeon & Vanderford, Charleston, for Nat. Grange Mut. Ins. Co.

McHUGH, Justice:

This appeal presents a novel issue which is a variation of an issue in *Hayseeds, Inc. v. State Farm Fire & Cas.*, 177 W.Va. 323, 352 S.E.2d 73 (1986), specifically, whether an insured may recover reasonable attorney's fees from his or her own insurer which are necessarily incurred to reach a *settlement* of an action on an insurance policy claim. We set forth in this opinion the guidelines for the recovery of reasonable attorney's fees in the context of a settlement with one's own insurer. Dis-

agreeing with the ruling of the Circuit Court of Boone County, West Virginia, which concluded that the appellants were not entitled to recover reasonable attorney's fees in addition to the settlement amount, we reverse such ruling and remand this case for a determination of the amount of reasonable attorney's fees.

I

On February 14, 1986, a fire destroyed the business premises owned by the appellants, the Jordans. The building and its contents were insured by the appellee, the insurer, National Grange Mutual Insurance Company, for $40,000.

The insurer's initial response to the appellants' claim for payment of $40,000 under their policy for the loss incurred was that the appellants had willfully concealed and misrepresented material facts as to the losses in the fire, thereby precluding recovery on the policy. This response forced the appellants to incur expenses of $879.60 for a fire analysis report. The appellants thereafter retained an attorney to negotiate with the appellee.

The appellants filed a civil action against the insurer on February 11, 1987, for failure to pay the $40,000 claim timely. The appellants subsequently rejected offers of settlement of $20,000 and $33,237.60, respectively. A settlement of "this litigation" was reached, on July 12, 1988, for $40,000. The settlement agreement was silent as to attorney's fees.

The appellants refused to cash the $40,000 check for "full settlement of claim" because they believed the insurer should be responsible for the appellants' reasonable attorney's fees of one-third of the $40,000 settlement amount. The insurer moved for enforcement of the settlement agreement. It objected to the payment of the appellants' attorney's fees in addition to the payment of the policy limits of $40,000, on the ground that the appellants' counsel, being authorized to settle the claim in question, accepted the amount of $40,000 in full satisfaction of all claims.

The trial court, the Circuit Court of Boone County, upheld the appellee's position and required the appellants to accept the $40,000 settlement as full satisfaction of all claims, including reasonable attorney's fees.

## II

■ This Court held in syllabus point 1 of *Hayseeds, Inc. v. State Farm Fire & Cas.*, 177 W.Va. 323, 352 S.E.2d 73 (1986): "Whenever a policyholder *substantially prevails* in a property damage suit against its insurer, the insurer is liable for: (1) *the insured's reasonable attorneys' fees* in vindicating its claim; (2) the insured's damages for net economic loss caused by the delay in settlement[;] and [ (3) ] damages for aggravation and inconvenience." (emphasis added) We recognized in *Hayseeds* that allowing the recovery of reasonable attorney's fees from one's own insurer encourages the prompt payment of valid claims. *Id.* 177 W.Va. at 329–330, 352 S.E.2d at 79. Quoting our opinion in *Aetna Casualty & Surety Co. v. Pitrolo*, 176 W.Va. 190, 194, 342 S.E.2d 156, 160 (1986), we also recognized that where an insurer has violated its contractual obligations,[1] the insured should be fully compensated for all expenses incurred as a result of the insurer's breach of contract; to hold otherwise would be unfair to the insured, who purchased the insurance policy to be protected from incurring attorney's fees and expenses arising from litigation. *Hayseeds,* 177 W.Va. at 329, 352 S.E.2d at 79. In other words, "[t]o impose upon the insured the cost of compelling his [or her] insurer to honor its contractual obligation is effectively to deny him [or her] the benefit of his [or her] bargain." *Id.* 177 W.Va. at

329, 352 S.E.2d at 80. That is, "when an insured purchases a contract of insurance, he [or she] buys insurance—not a lot of vexatious, time-consuming, expensive litigation with his [or her] insurer." *Id.* 177 W.Va. at 329, 352 S.E.2d at 79.

A jury found the insurer liable to its insured for breach of contract in *Hayseeds* and in *Aetna Casualty & Surety Co. v. Pitrolo.* There also was a jury verdict against the insurer in favor of its insured in *Thomas v. State Farm Mutual Automobile Insurance Co.*, 181 W.Va. 604, 383 S.E.2d 786 (1989). In syllabus point 2 of *Thomas* this Court explained *Hayseeds'* concept of an insured who "substantially" prevails in litigation against his or her own insurer:

The question of whether an insured has substantially prevailed against his insurance company on a property damage claim is determined by the status of the negotiations between the insured and the insurer prior to the institution of the lawsuit. Where the insurance company has offered an amount materially below the damage estimates submitted by the insured, and the jury awards the insured an amount approximating the insured's damage estimates, the insured has substantially prevailed.

The insurer here argues that *Thomas* authorizes an insured to recover reasonable attorney's fees from his or her insurer *only* when the litigation has ended with a *jury verdict* favorable to the insured.[2] The insurer has read *Thomas* too narrowly and has missed the point actually decided in that case.

The issue in *Thomas* was how to determine whether the insured has "substantially" prevailed in the litigation against his or

1. The contractual obligation violated in *Aetna Casualty & Surety Co. v. Pitrolo* was the liability insurer's obligation to defend the insured. The contractual obligation violated in *Hayseeds* was, like here, the fire insurer's obligation to pay the insured promptly for a valid claim.

2. In addition to the "jury awards" language in syllabus point 2 of *Thomas,* the insurer points to the following language from *Thomas:*

The term 'substantially prevail' necessarily refers to a verdict in favor of the insured on the

underlying property damage claim. If the jury finds that the insurer has a good defense to the claim and returns a verdict for the insurer, the insured does not prevail and the word 'substantial' is meaningless. It is only when the insured prevails, i.e., obtains a verdict, that the word 'substantial' becomes meaningful to determine whether the insured is entitled to the damages authorized in *Hayseeds* for the insurer's failure to honor its contract.

*Thomas,* 181 W.Va. at 608, 383 S.E.2d at 790.

her insurer. The insurer there argued that the insured had not "substantially" prevailed because the jury verdict amount was considerably less than the highest damage estimates offered by the insured at trial. This Court concluded that such comparison was not the proper manner to determine whether the insured "substantially" prevailed. Instead, the amount of damages recovered by the insured must be compared with the amount of damages demanded by the insured immediately prior to institution of the lawsuit. The references in *Thomas* to the jury award or verdict were made because there was a jury trial in that case. The issue in *Thomas* was not whether the recovery of reasonable attorney's fees from one's own insurer is authorized only when litigation is concluded by a jury verdict, as opposed to being concluded by a settlement.

The rationale set forth in *Hayseeds, Aetna Casualty & Surety Co. v. Pitrolo* and in *Thomas* for allowing the recovery of reasonable attorney's fees from one's own insurer is applicable whether the insured substantially prevails in the litigation as a result of a settlement or as the result of a jury verdict. In either case, "the insured is out his [or her] consequential damages and attorney's fees." *Hayseeds*, 177 W.Va. at 329, 352 S.E.2d at 79.

For the purpose of recovery of reasonable attorney's fees, a party can "substantially prevail" in litigation by obtaining the essence of the requested relief from the adverse party while the action is pending adjudication; a determination by the trier of the facts is not essential. For example, in cases under the Federal Freedom of Information Act, a complainant who substantially prevails is eligible to recover reasonable attorney's fees. 5 *U.S.C.* § 552(a)(4)(E) (1988). Under this statute a judgment on the merits is not a prerequisite to an award of reasonable attorney's fees, and an award of such fees is not barred because the action is mooted before judgment by the administrative agency's furnishing the requested materials. The purpose of allowing recovery of reasonable attorney's fees in that situation is to remove the incentive for resistance to the plaintiff's request based upon the defendant's knowledge that many plaintiffs do not have the financial resources or economic incentives to pursue their requests through expensive litigation. *Nationwide Building Maintenance, Inc. v. Sampson*, 559 F.2d 704, 708–11 (D.C.Cir.1977). *See also Miller v. United States Department of State*, 779 F.2d 1378, 1389 (8th Cir.1985); *Seegull Manufacturing Co. v. National Labor Relations Board*, 741 F.2d 882, 885 (6th Cir.1984); *Cazalas v. United States Department of Justice*, 660 F.2d 612, 622–23 (5th Cir.1981); *Crooker v. U.S. Department of Treasury*, 663 F.2d 140, 141–42 (D.C.Cir.1980); *Cox v. United States Department of Justice*, 601 F.2d 1, 6 (D.C.Cir. 1979); *Cuneo v. Rumsfeld*, 553 F.2d 1360, 1364–65 (D.C.Cir.1977); *Vermont Low Income Advocacy Council, Inc. v. Usery*, 546 F.2d 509, 513 (2d Cir.1976).

A similar point was made in *Thomas v. State Farm Mutual Automobile Insurance Co.*, 181 W.Va. 604, 383 S.E.2d 786 (1989). In that case, involving litigation by an insured against her insurer concerning a property damage claim, this Court observed that insurers in that type of case would have an incentive to delay payment, specifically, to compel the insured to accept a settlement of the claim at a figure less than the ascertainable amount:

> Because a property damage claim is fixed and calculable, there is little danger that the insurer will be exposed to excessive damages. This can give rise to the temptation to place as low a value as possible on the claim in the hope that the insured will settle at the low figure rather than fight.

*Id.* 181 W.Va. at 607, 383 S.E.2d at 789. We concluded in *Thomas* that awarding to the insured, as compensatory damages, the relief set forth in *Hayseeds*, including recovery of reasonable attorney's fees, would discourage this conduct by an insurer in a case involving a property damage claim.

Based upon very similar reasoning, courts elsewhere have held that an insurer may not avoid liability for its insured's reasonable attorney's fees by settling the case and tendering payment, of all or sub-

stantially all of the amount claimed, after the insured's action against his or her insurer has been filed but before judgment on the merits of the claim has been entered, where the attorney's services were necessary to obtain payment of the insurance proceeds. *See, e.g., Wollard v. Lloyd's & Companies of Lloyd's,* 439 So.2d 217 (Fla.1983); *Olewinsky v. Aetna Casualty & Surety Insurance Co.,* 234 N.J.Super. 429, 560 A.2d 1301 (Law Div.1988); *Van Houten v. New Jersey Manufacturers Insurance Co.,* 159 N.J.Super. 208, 387 A.2d 419 (Passaic County Dist.Ct.1978), *aff'd,* 170 N.J.Super. 415, 406 A.2d 984 (App.Div.1979); *Brown v. Johnson,* 276 S.C. 68, 275 S.E.2d 876 (1981).[3]

The reasons these courts gave for their holdings are very persuasive. For example, a court rule in New Jersey mandates the recovery of reasonable attorney's fees from a person's own insurer if such person is a "successful claimant." In the *Van Houten* case, after the insured brought the action, the insurer settled and paid an amount closely approximating the original claim. The court agreed with the insured that he was a "successful claimant" under the attorney's fee rule. The insurer had argued that neither party to a settlement wins or loses, but, rather, that a settlement is a product of negotiation where both parties may be partially right or partially at fault, but the question is never actually determined. The court in *Van Houten* rejected this argument, where the settlement amount closely approximates the amount claimed by the insured. The court made these comments, with which we agree:

> It is incongruous to require plaintiff to bypass a settlement offer and proceed to trial in order to 'earn' counsel fees, especially when a settlement and trial would have substantially achieved the same result. Also compelling plaintiff to try the case under these circumstances would be contrary to the strong public policy and judicial commitment that justice be served by encouraging the settlement of claims[,] thereby avoiding or terminating litigation.
>
> . . . .
>
> A denial of counsel fees, in this particular case, would thwart the underlying public policy that insurers not raise groundless disclaimers, abandon their insured and induce costly and protracted litigation. . . . [I]t also would be inequitable that plaintiff lose the benefit of his bargain, be denied counsel fees, and not be made whole merely because his attorney settled for an amount approximating that for which he originally claimed. To require an insured to fully litigate his claim to a successful adjudication essentially because his accumulated counsel fees could not otherwise be obtained is contrary to the principles of the [attorney's fee] rule[.]

*Van Houten,* 159 N.J.Super. at 212, 215–16, 387 A.2d at 421, 423 (citations omitted). On appeal the award of reasonable attorney's fees was affirmed on the ground that "the settlement can be analogized to a judgment." 170 N.J.Super. at 418, 406 A.2d at 986.[4]

---

3. *See also Amador v. Latin American Property & Casualty Insurance Co.,* 552 So.2d 1132 (Fla.Dist.Ct.App.1989); *Avila v. Latin American Property & Casualty Insurance Co.,* 548 So.2d 894 (Fla.Dist.Ct.App.1989); *Fortune Insurance Co. v. Brito,* 522 So.2d 1028 (Fla.Dist.Ct.App.1988); *Gibson v. Walker,* 380 So.2d 531 (Fla.Dist.Ct.App.1980); *Parliament Insurance Co. v. That Girl In Miami, Inc.,* 377 So.2d 1011 (Fla.Dist.Ct.App.1979); *Blue Cross of Florida, Inc. v. Hernandez,* 361 So.2d 190 (Fla.Dist.Ct.App.1978); *Cincinnati Insurance Co. v. Palmer,* 297 So.2d 96 (Fla.Dist.Ct.App.1974); *Employers' Liability Assurance Corp. v. Royals Farm Supply, Inc.,* 186 So.2d 317 (Fla.Dist.Ct.App.1966); 15A G. Couch, *Couch['s] Cyclopedia of Insurance Law* § 58:138, at 407–08 (2d ed. rev. 1983).

The Supreme Court of Florida has held that an acceptance of an offer of judgment which is silent as to attorney's fees forecloses the recovery of reasonable attorney's fees. *Unicare Health Facilities, Inc. v. Mort,* 553 So.2d 159 (Fla.1989). This Court disagrees. The recovery of reasonable attorney's fees must be explicitly waived by the parties to bar the court from awarding such fees in those types of cases where reasonable attorney's fees are otherwise recoverable.

4. Similarly, a Florida statute mandates the recovery of reasonable attorney's fees upon the rendition of a "judgment" against an insurer in favor of its insured. The Supreme Court of Florida has held that a settlement of litigation

It is also important to remember that *Hayseeds*, 177 W.Va. at 330, 352 S.E.2d at 80, announced a "bright line standard" for the insured's recovery of reasonable attorney's fees and other *compensatory* damages from his or her insurer, so that the insurer's "good faith" or other "justification" for the undue delay in payment is not relevant and does not bar the recovery of such fees. *See also Thomas*, 181 W.Va. at 607 n. 4, 383 S.E.2d at 789 n. 4; *Aetna Casualty & Surety Co. v. Pitrolo*, 176 W.Va. at 194, 342 S.E.2d at 160.

Based upon all of the above, this Court holds that an insured "substantially prevails" in a property damage action against his or her insurer when the action is settled for an amount equal to or approximating the amount claimed by the insured immediately prior to the commencement of the action, as well as when the action is concluded by a jury verdict for such an amount. In either of these situations the insured is entitled to recover reasonable attorney's fees from his or her insurer, as long as the attorney's services were necessary to obtain payment of the insurance proceeds.

With respect to the necessity for the attorney's services, we mean that the insured must show more than *post hoc, ergo propter hoc*, that is, the insured must show more than the fact that a settlement for all or substantially all of the claim was reached after the action was brought against the insurer. Instead, the insured must show that but for his or her attorney's services such settlement would not have been reached, in light of the undue delay in investigating the claim.

■ In the present case it is clear that the services of the appellants' attorney were necessary to obtain payment of the insurance proceeds. The record here indicates that the insurer refused to offer any amount, much less a reasonable amount, until after the appellants' attorney was retained, the action was filed and about seventeen months had passed since the loss had been incurred. It is difficult to believe the validity of the defenses raised, in light of the fact that the insurer ultimately agreed to pay the exact amount originally and continuously claimed by the appellants.[5]

■ On remand the trial court should arrive at the reasonable value of the attorney's services, for the purpose of the insured's recovery thereof from the insurer, by receiving evidence on the factors set forth in syllabus point 4 of *Aetna Casualty & Surety Co. v. Pitrolo*, 176 W.Va. 190, 342 S.E.2d 156 (1986), in which we held:

> Where attorney's fees are sought against a third party, the test of what should be considered a reasonable fee is determined not solely by the fee arrangement between the attorney and his client. The reasonableness of attorney's fees is generally based on broader factors such as: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations

over an insurance claim for an amount equal or substantially equal to the amount demanded by the insured is tantamount to a "judgment" for the purpose of the attorney's fee statute:

> When the insurance company has agreed to settle a disputed case, it has, in effect, declined to defend its position in the pending suit. Thus, the payment of the claim is, indeed, the functional equivalent of a confession of judgment or a verdict in favor of the insured. Requiring the plaintiff to continue litigation in spite of an acceptable offer of settlement merely to avoid having to offset attorney's fees against compensation for the loss puts an unnecessary burden on the judicial system, fails to protect any interest—the

insured's, the insurer's or the public's—and discourages any attempt at settlement. This literal requirement of the statute exalts form over substance to the detriment of public policy, and such a result is clearly absurd.

*Wollard v. Lloyd's & Companies of Lloyd's*, 439 So.2d 217, 218 (Fla.1983).

5. The result would have been different if the insurer had made a reasonable offer to the insureds timely after the loss, and the insureds' attorney had rejected that offer and had filed suit, but was unable to obtain a substantially better offer. *See Thomas v. State Farm Mutual Automobile Insurance Co.*, 181 W.Va. 604, 383 S.E.2d 786 (1989).

imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

In view of the foregoing, we reverse the final order of the trial court and remand this case for further proceedings consistent with this opinion.

Reversed and remanded.