281 N.J. Super. 571 (1995)
658 A.2d 1317
SAM KHOUDARY, PLAINTIFF-APPELLANT, CROSS-RESPONDENT,
v.
SALEM COUNTY BOARD OF SOCIAL SERVICES, DEFENDANT-RESPONDENT, CROSS-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 8, 1995.
Decided June 9, 1995.
*573 Before Judges DREIER and VILLANUEVA.
Nicholas Khoudary argued the cause for appellant (Khoudary & Khoudary, attorneys; Mr. Khoudary, of counsel; Maryann Khoudary, on the brief).
John Ford Evans argued the cause for respondent (Mr. Evans, attorney, and on the brief).
The opinion of the court was delivered by VILLANUEVA, J.A.D.
Plaintiff appeals from an order compelling him to pay attorney fees ($1,175 in trial court and $4,270.03 in the Appellate Division) pursuant to N.J.S.A. 2A:15-59.1, the so-called frivolous litigation act (Act). Defendant cross-appeals from the denial of the full amount of attorney fees it requested. We affirm on plaintiff's appeal and reverse on defendant's cross-appeal and modify the award to grant defendant the full amount requested.
Plaintiff brought a lawsuit against defendant Salem County Board of Social Services seeking $2,475 for rent and a security deposit for the rental of an apartment to defendant's client. No certificate of occupancy was issued and the premises were uninhabitable. Tried without a jury, the judge ruled that plaintiff had no cause of action. Immediately after the judge's ruling, defendant made a motion to recover attorney fees of $1,912.50 (15.3 hours at $125 per hour) under the Act. The judge denied the motion.
On defendant's appeal, we reversed and held that this was a nuisance suit, "particularly egregious because plaintiff attempted to cause a public entity to pay money which it could not lawfully pay." 260 N.J. Super. 79, 86, 615 A.2d 281 (App.Div. 1992).
We held further:
Plaintiff's claim was not some novel position with a plausible foundation for which a good faith argument could be made. It was an aberrant and legally groundless claim.... plaintiff's claim was not honest and creative litigation. Plaintiff flouted governmental authority and then endeavored to take advantage of a public entity.

*574 [Id. at 88, 615 A.2d 281.]
We remanded for a hearing as to the amount of attorney fees to be awarded. Notwithstanding our opinion and being unwilling to pay any attorney fees to defendant's attorney, plaintiff's son, a lawyer, frustrated defendant's attorney's attempts to collect any fees. On November 24, 1992, plaintiff filed a motion for reconsideration in the Appellate Division, and requested in the alternative a stay of the decision pending determination by the Supreme Court of the then-pending McKeown-Brand v. Trump Castle Hotel & Casino, [decision later reported at 132 N.J. 546, 626 A.2d 425 (1993)]. We denied all aspects of plaintiff's motion.
On December 9, 1992, defendant filed a cross-motion in the Appellate Division seeking clarification as to whether the award of fees included the fees and costs on the appeal. We granted that motion and issued an order directing that the award of attorney fees to defendant included the fees on the appeal as well as the trial.
Defendant then filed a motion for attorney fees setting forth in detail the time expended in connection with the appeal, as well as the time expended at trial. Defendant later filed two additional detailed affidavits regarding attorney fees. Plaintiff filed a cross-motion and issued a notice in lieu of subpoena for the personal bank records of defendant's attorney. When all matters were argued on February 8, 1993, the trial court quashed plaintiff's notice in lieu of subpoena but reserved its determination on awarding fees. At the hearing, the court posed no questions to defendant's counsel concerning any of the listed charges, and did not identify any items for which additional explanation was required.
On March 18, 1993, the trial court issued a letter "order" allowing certain enumerated fees, but which had the effect of denying all fees not set forth in the letter. Defendant submitted a form of judgment which the court did not sign.
On or about March 26, 1993, defendant filed the first motion for reconsideration with a supporting brief. Although the matter was *575 submitted on the papers, the court issued its findings and ruling from the bench, but issued no order or notice of his decision denying reconsideration or modification. It was not until May 20, 1993, that defendant was able to obtain a tape recording of the court's ruling.
On or about June 4, 1993, defendant filed a second motion for reconsideration with a detailed affidavit explaining the nature and circumstances of the services for which payment had been denied, together with a supporting brief. The matter was not heard until July 23, 1993, also on the papers, and was again denied. On August 2, 1993, the trial court finally signed three orders. The first directed plaintiff to pay defendant $1,175 in attorney fees for the trial and $4,270.03 in attorney fees for the appeal. The second order denied defendant's first motion for reconsideration and plaintiffs cross-motion, and the third order denied defendant's second motion for reconsideration and plaintiff's cross-motion.
Plaintiff appeals from the award of attorney fees. Defendant cross-appeals from the orders awarding the reduced fees and from the May 18, 1993 letter order which originally set forth the fees allowed.

I.
On this appeal, plaintiff attempts to reargue the merits of what we decided in the first appeal. That he cannot do. Once the time for appeal or petition for certification expired, the Appellate Division judgment became final and the law of the case, and plaintiff was precluded from relitigating any issues on the remand other than the specific purpose of the remand, which is the amount of attorney fees to be awarded. Furthermore, even after McKeown-Brand v. Trump Castle Hotel & Casino, 132 N.J. 546, 626 A.2d 425 (1993), plaintiff is still liable for attorney fees for fabricating a cause of action. See Weed v. Casie Enterprise, 279 N.J. Super. 517, 534, 653 A.2d 603 (App.Div. 1995).

*576 II.
Plaintiff argues that he should not be responsible for attorney fees that accrued during his appeal and the Act does not authorize "awarding an attorney for his time spent filing a motion for attorneys fees and for the costs of his appeal from losing his motion for attorneys fees." Such is not the law and is clearly contrary to the express language in the Act that the prevailing party "may be awarded all reasonable litigation costs and reasonable attorney fees." That, of course, would include fees on appeal.
Plaintiff's reliance upon McKeown-Brand v. Trump Castle Hotel & Casino, supra, and Lewis v. Lewis, 132 N.J. 541, 545, 626 A.2d 422 (1993), which held that the Act does not apply to motions, is misplaced. Defendant's attorney fees were not caused by a frivolous motion, but rather by the filing of a frivolous law suit and all legal work required as a result thereof.

III.
Plaintiff's arguments that (1) defendant's attorney should not benefit from his bad faith efforts in wrongfully removing Nicholas Khoudary as plaintiffs counsel, and (2) defendant's attorney has not and never will invoice his client for counsel fees, are clearly without merit. R. 2:11-3(e)(1)(E).

IV.
On its cross-appeal, defendant argues that the trial court's denial of substantial portions (about 60%) of the well-documented, well-supported charges for legal fees by embracing a subjective and unrealistic standard was arbitrary, unreasonable and an abuse of discretion. We agree.
There were no opposing certifications, and the trial court did not give even a hint that the fees were inflated or unreasonable. It expressed only a feeling of lack of explanation, but then rejected the detailed explanation when offered.
*577 For instance, the trial court's rejection of specific items as self-serving and its disallowance of pretrial witness interviews, drafting and revisions to the appellate brief, obtaining data for impeachment, telephone calls to the client, witnesses, the adversary and the court was clearly arbitrary. Similarly, the trial court's rejection of most of the charges on appeal was arbitrary. Despite the fact that there was no reason to question the services rendered, the trial court stated that defendant's attorney spent too much time and did too much research.
In support of the original motion to fix fees after remand, defendant's attorney submitted a detailed affidavit of services rendered, together with itemized statements showing the exact nature of the labor involved and the rates charged. Defendant's submissions by affidavit and attached exhibits, taken with matters of record and those judicially noticeable, satisfied defendant's burden to meet the standards for awarding of attorneys fees under the rules generally, R.P.C. 1.5 and under the Act specifically. Defendant's attorney's charge of $125 per hour in the trial court and $140 per hour in the Appellate Division and thereafter was certainly modest.
Defendant's attorney's legal fees for the original trial were $1,912.50. The legal fees for the appeal were $9,150.75 (as adjusted) with costs of $1,115.78, for a total of $10,266.53. Defendant also submitted a statement for the fees and costs on remand in the amount of $1,860.75[1] in connection with the original short notice motion heard on February 8, 1993.
Plaintiff is fortunate that defendant did not apply for any legal fees for time spent in the trial court after February 5, 1993, including the first and second motions for reconsideration and responses to plaintiff's cross-motion.
*578 The amount of attorney fees usually rests within the discretion of the trial judge, Enright v. Lubow, 215 N.J. Super. 306, 313, 521 A.2d 1300 (App.Div. 1987), cert. denied, 108 N.J. 193, 528 A.2d 19 (1987) and Van Houten v. N.J. Manufacturers Insurance Co., 170 N.J. Super. 415, 418, 406 A.2d 984 (App.Div. 1979), but the reasons for the exercising of that discretion should be clearly stated. R. 1:7-4, Brewster v. Keystone Insurance Co., 238 N.J. Super. 580, 587, 570 A.2d 468 (App.Div. 1990).
Defendant's brief submitted with the first motion for reconsideration contained an explanation of the nature of the disallowed services and offered a justification for their inclusion. Those fees were already supported by affidavits previously submitted. The trial court mistakenly exercised its discretion by failing to make findings and conclusions until requested to do so by defendant and thereafter by failing properly to consider the supplemental facts and amend the findings. Unlike the practice in this case, orders should be promptly signed by the judge and reasons given where necessary.

V.
Because we have all the necessary information to determine the reasonable attorney fees, we exercise original jurisdiction in this matter, R. 2:10-5, and determine the amount payable by plaintiff for attorney fees and costs in both the trial court and the Appellate Division on the first appeal to be $14,039.78. We remand to the trial court to enter an order accordingly. We otherwise affirm the award of attorney fees and costs.
NOTES
[1] We note that the refund of $296.50 received by defendant on January 21, 1993 was reflected on the bills for the appeal and remand as a debit. We also note that they were duplicative, and we have therefore adjusted them accordingly.