CITIZENS STATE BANK OF NEW JERSEY, A STATE BANKING INSTITUTION ORGANIZED UNDER THE LAWS OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. PAUL SCHNEIDER, DEFENDANT-APPELLANT.

CITIZENS STATE BANK OF NEW JERSEY, A STATE BANKING INSTITUTION ORGANIZED UNDER THE LAWS OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. ARTHUR KAPLAN, DEFENDANT-APPELLANT.

FRANK N. LIGUORI AND RON COHEN, PLAINTIFFS-APPELLANTS, v. CITIZENS STATE BANK OF NEW JERSEY, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted November 28, 1984—Decided December 11, 1984.

Before Judges FRITZ, GAULKIN and LONG.

*Anschelewitz, Barr, Ansell & Bonello,* for appellants (*John L. Bonello,* on the brief).

*Shackleton, Hazeltine & Buczynski,* for respondent (*Richard J. Shackleton,* on the brief).

PER CURIAM.

The day before the scheduled argument of this appeal we were advised by a telephone call to the calendar section of the Clerk of the Appellate Division that the matter had been settled. In view of the fact that counsel is notified of the argument date several weeks in advance (in this case six weeks), the event manifests a studied lack of consideration for this court. Unlike some intermediate courts of appeal, ours is a court which studies the record and the briefs carefully before oral argument. Where indicated—and this appeal is such a matter—law clerks are enrolled to analyze the matter in depth and prepare a comprehensive memorandum regarding it. This process takes a lot of time and a lot of work. Dilatoriness in striving for a settlement in a case where settlement is feasible and then in promptly notifying the court that it has occurred reflects not only a lack of consideration but a lack of concern for the wasted time and expense thereby incurred. In this day

of crowded calendars not only in the trial courts but in the appellate courts as well—more than 6,000 appeals were filed last year in the Appellate Division and historically the number of filings increases at the rate of 8% per year—the discourtesy is not without an unhappy effect.

The appeal is dismissed with prejudice but without costs to any party.