NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-4977-11T3

JO ANN SESSNER,

     Plaintiff-Appellant,

v.

MERCK SHARP & DOHME CORP.,

     Defendant-Respondent.

_____

> **APPROVED FOR PUBLICATION**
>
> **April 23, 2014**
>
> **APPELLATE DIVISION**

Submitted February 4, 2014 — Decided April 23, 2014

Before Judges Fisher, Espinosa and Koblitz.

On appeal from Superior Court of New Jersey, Law Division, Atlantic County, Docket No. L-3394-11.

Seeger Weiss, L.L.P. and William F. Cash, III (Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A.) of the Florida bar, admitted pro hac vice, attorneys for appellant (Michael L. Rosenberg, on the briefs).

Hughes Hubbard & Reed, L.L.P., Fox Rothschild, L.L.P., and Paul F. Strain (Venable, L.L.P.) of the Maryland bar, admitted pro hac vice, attorneys for respondent (Eileen Oakes Muskett and Mr. Strain, of counsel and on the brief; Wilfred P. Coronato, on the brief).

The opinion of the court was delivered by

KOBLITZ, J.A.D.

     We were on the eve of filing a comprehensive opinion on the

many issues raised in this appeal when, on April 9, 2014, respondent's counsel advised the matter had settled. Upon further inquiry, we learned the parties reached a settlement months ago. Despite our discretion to file an opinion when notified at such a late hour, we have decided not to file our opinion on the merits and now write to dismiss the appeal with the emphatic reminder that counsel must advise this court in a far more timely manner of a settlement or serious settlement discussions so that scarce judicial resources are not needlessly wasted.

Jo Ann Sessner appealed from a May 4, 2012 order entering judgment for respondent Merck Sharp & Dohme Corp. following a jury verdict finding that respondent, the manufacturer and distributor of the prescription drug Fosamax, was not responsible for appellant developing osteonecrosis of the jaw.

Appellant's products liability failure-to-warn and design defect action sought damages under the Product Liability Act, N.J.S.A. 2A:58C-1 to -11. This was the second Fosamax Mass Tort litigation case tried of almost 3200 filed in New Jersey.[1] The record on appeal contained twenty-seven volumes of transcripts,

---

[1] As of April 14, 2014, there are 3198 cases listed on New Jersey's Fosamax mass tort case list. Available at http://www.judiciary.state.nj.us/mass-tort/fosamax/foslist.pdf (last visited April 14, 2014).

encompassing more than 4700 pages and four volumes of appendices totaling more than 600 pages.

The matter was listed on our February 4, 2014 plenary calendar for disposition without oral argument. Although the matter settled in January 2014, we were not notified of that fact until a telephone call on Wednesday, April 9, 2014. The following day the judiciary website listed the opinion to be released on Friday, April 11. On April 10 we received a signed stipulation of dismissal and a letter from respondent's counsel seeking to prevent the release of the opinion because, in counsel's opinion, the case was moot. Appellant's counsel then wrote seeking to dismiss the appeal because, although the parties had entered into a "binding agreement" that was "not subject to revocation," there existed a "theoretical chance that settlement may not be consummated if the panel's opinion is released." Respondent's counsel agreed that the settlement "ha[s] been effectuated," and also requested that the opinion not be issued to avoid "creating additional litigation." Counsel maintained that a letter was drafted to notify us that the case was settled, but the letter was never sent. Counsel stated, "My focus during this last several months has been on the hundreds of cases in the New Jersey Superior Court in Atlantic County." Counsel notified the trial court in January

2014 that more than two hundred and fifty Fosamax cases had settled, including appellant's case.

We have previously emphasized in published decisions the importance of notifying us when a settlement seems imminent. We have stated "[d]ilatoriness in . . . promptly notifying the court that [settlement] has occurred reflects not only a lack of consideration but a lack of concern for the wasted time and expense thereby incurred." Citizens State Bank v. Schneider, 198 N.J. Super. 518, 519 (App. Div. 1984). More recently, we reminded the bar of "its obligation, too often disregarded, to advise us, as expeditiously as possible, of a settlement or potential settlement of the case." Brown v. Pica, 360 N.J. Super. 490, 491 (App. Div. 2003) (emphasis added).

In the last Court Term more than 6200 appeals and 8400 motions were filed.[2] Some of the appellants are incarcerated and a favorable result could result in their freedom. In other cases the welfare of children is at stake. For attorneys in a civil case in an appeal with a voluminous record to neglect to notify us of a settlement for four months is unconscionable.

Moreover, appellant's case information statement (CIS) affirmatively represented to the court that the prospect of

---

[2] Thirty-two judges were assigned to the Appellate Division during the Term.

settlement was unlikely. Counsel wrote that he did "not believe that a [Civil Appeals Settlement Program] conference will aid in the disposition or handling of the appeal. The case being a mass tort bellwether trial, settlement appears unlikely." Despite appellant's counsel's continuing obligation to file an amended CIS, Rule 2:5-1(f)(2), this representation was never corrected.

Because of the enormous amount of time needlessly expended in this matter, we have seriously considered the imposition of sanctions against both counsel pursuant to Rule 2:9-9, but instead have determined that the publication of this decision is sufficient deterrent to repetition. It is within our discretion to issue an opinion when notified of a settlement shortly before an opinion is scheduled to be released, and we have done so many times. We nonetheless dismiss this appeal.

Dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION