NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1867-17T4

PARK CREST CLEANERS, LLC,
d/b/a A PLUS CLEANERS AND
ALTERATIONS, SALVATORE
TAMBURO, and DANIELA
TAMBURO,

        Plaintiffs-Respondents,

v.

A PLUS CLEANERS AND
ALTERATIONS CORPORATION,
A PLUS CLEANERS, LLC, LEE
STEPHEN CHIN, ELSA CHIN,
and SABRINA "ELSA" CHIN,

        Defendants-Appellants.

_____

> **APPROVED FOR PUBLICATION**
>
> **March 29, 2019**
>
> **APPELLATE DIVISION**

Submitted March 19, 2019 – Decided March 29, 2019

Before Judges Fisher, Suter and Geiger.

On appeal from Superior Court of New Jersey, Chancery Division, Camden County, Docket No. C-000078-14.

Salmon, Ricchezza, Singer & Turchi LLP, attorneys for appellants (Ronald L. Daugherty, of counsel and on the briefs).

Genova Burns LLC, attorneys for respondents (James Bucci and Michael C. McQueeny, of counsel and on the brief).

The opinion of the court was delivered by

FISHER, P.J.A.D.

In the unique circumstances presented, we conclude that defendants' appeal must be dismissed. To explain, we need to delve somewhat into the case's procedural history.

Plaintiffs Park Crest Cleaners, LLC, Salvatore Tamburo, and Daniela Tamburo (plaintiffs) commenced this action against defendants A Plus Cleaners and Alterations Corp., A Plus Cleaners, LLC, Lee Stephen Chin, Elsa Chin, and Sabrina Chin (defendants) alleging defendants' sale to them of a West Berlin dry cleaning business was, among other things, fraudulently induced. The business was conducted on premises leased to defendants by Cherry Plaza, LLC.

Plaintiffs sought rescission and damages but never joined Cherry Plaza as a party even though, to the extent plaintiffs' suit bore fruit, there would be a need to address the parties' then and future relationship with Cherry Plaza. So, prior to trial, defendants moved to dismiss, claiming Cherry Plaza was an indispensable party; plaintiffs cross-moved for leave to file an amended

complaint adding Cherry Plaza as a party. Both motions were denied, and a jury trial thereafter commenced.

At the trial's conclusion in early August 2015, the jury awarded plaintiffs $682,000 in compensatory damages and $319,000 in punitive damages. Plaintiffs then moved for the issuance of equitable relief – rescission – and defendants moved for a judgment notwithstanding the verdict or, alternatively, for a new trial. Defendants' multi-faceted motion was denied, and plaintiffs' claim for equitable relief was granted. The judge determined that the contractual documents were to be rescinded and defendants restored to ownership of the business and its equipment. As part of their motion, plaintiffs also sought rescission or reformation of the lease. The judge reserved on this aspect of the motion so Cherry Plaza could be given notice. To that end, the judge entered an order in October 2015, that required Cherry Plaza – and defendants as well – to show cause: (a) why Cherry Plaza should not be enjoined from enforcing the lease as to plaintiffs, (b) why the lease should not be rescinded or reformed to render defendants the primary obligors, and (c) why plaintiffs should not be discharged from any obligations or liabilities arising from the lease.

In response, Cherry Plaza argued, among other things, a deprivation of proper process because the judge bypassed the requirement that plaintiffs file a

A-1867-17T4

complaint against Cherry Plaza and instead proceeded directly to whether a final judgment ought to be entered against Cherry Plaza. Undeterred by Cherry Plaza's arguments, the judge entered a final judgment that, among other things, removed plaintiffs as the lease's tenants or guarantors. Having restored plaintiffs and defendants to their pre-transaction status, the judge reduced the damage award to approximately $350,000.[1]

Defendants appealed the judgment, and Cherry Plaza cross-appealed parts of the judgment. Defendants then failed to prosecute or perfect its appeal, which we eventually dismissed, leaving for disposition only those issues raised in Cherry Plaza's cross-appeal, to which only plaintiffs responded. We ultimately found flawed the procedures utilized by the judge in rendering relief against Cherry Plaza. Park Crest Cleaners, LLC v. A Plus Cleaners & Alterations Corp., No. A-1734-15 (App. Div. Oct. 17, 2017) (slip op. at 13) (holding that the trial judge's summary disposition "in plaintiffs' favor denied non-party Cherry [Plaza] a fair opportunity to be heard and defend against the relief requested"). Because no complaint was ever filed against Cherry Plaza, we concluded "there [was] no pending matter to remand," ibid., and, so, we merely sent the case back

---

[1] We offer no view as to the sequence of the trial court's disposition of the issues.

A-1867-17T4

to the trial court for amendment of the judgment, id. at 14, to relieve Cherry Plaza of the judgment's former consequences.

After our remand, the trial judge entered an amended judgment that vacated the relief entered against Cherry Plaza. This November 6, 2017 judgment also restored the full amount of compensatory damages awarded by the jury in favor of plaintiffs and against defendants.[2]

Defendants then instituted this appeal. We agree with plaintiffs that the appeal must be dismissed because defendants should have pursued the issues it now raises to a conclusion in the earlier appeal.

We are mindful that after defendants filed their notice of appeal, plaintiffs moved for dismissal and that we denied that motion, causing defendants to now argue that the propriety of their appeal is no longer in issue. We reject that contention.

Our denial of the motion to dismiss the appeal was an interlocutory ruling, subject to our reconsideration any time prior to final disposition in the interests of justice. R. 4:42-2. In exercising our discretion, we reconsider that earlier ruling because the propriety of defendants' appeal could not be fully appreciated until submission of the parties' briefs on the merits. The proof is in that pudding;

---

[2] We are told plaintiffs and Cherry Plaza later amicably resolved their disputes.

the description and content of the issues presented in defendants' merits brief leaves no doubt that they seek only our review of issues cognizable in the earlier appeal:

> I. THE TRIAL COURT ERRED IN DENYING [DEFENDANTS' PRETRIAL] MOTION TO DISMISS WHERE AN INDISPENSABLE PARTY, THE LANDLORD TO BUSINESS TRANSACTION, WAS NOT SUED AS A PARTY.
>
> II. THE TRIAL COURT ERRED IN DENYING [DEFENDANTS'] MOTION FOR [JUDGMENT NOTWITHSTANDING THE VERDICT] OR NEW TRIAL WHERE PLAINTIFFS IMPROPERLY ARGUED THAT DEFENSE COUNSEL WAS INVOLVED IN THE FRAUDULENT ACTIONS AND DEFENSE COUNSEL CALLED WITNESSES TO LIE ON THE STAND WHICH PREJUDICED DEFEN-DANTS.
>
> III. THE TRIAL COURT ERRED IN ADMITTING EVIDENCE INVOLVING SETTLEMENT NEGO-TIATIONS WHICH PREJUDICED DEFENDANTS.
>
> IV. THE TRIAL COURT ERRED IN ADMITTING EVIDENCE OVER [DEFENDANTS'] OBJECTION REGARDING INFORMATION FROM A BUSINESS BROKER WHERE PLAINTIFFS CONTRACT-UALLY AGREED THEY WOULD NOT RE[]LY UPON SUCH INFORMATION.
>
> V. THE TRIAL COURT ERRED IN DENYING [DEFENDANTS'] MOTION . . . FOR [JUDGMENT NOTWITHSTANDING THE VERDICT] OR NEW TRIAL WHERE PLAINTIFFS FAILED TO ESTABLISH THE ELEMENTS OF THEIR CLAIMS.

6

VI. THE TRIAL COURT ERRED IN DENYING [DEFENDANTS'] MOTION . . . FOR [JUDGMENT NOTWITHSTANDING THE VERDICT] OR NEW TRIAL WHERE PLAINTIFFS WERE ALLOWED OVER [DEFENDANTS'] OBJECTION TO INTRODUCE SALES EVIDENCE WHERE PLAINTIFFS FAILED TO PROVIDE SALES RECORDS AND INFORMATION IN RESPONSE TO DISCOVERY.

As can be seen, the first point complains of the denial of the January 2015 pretrial motion that sought dismissal because of plaintiffs' failure to join Cherry Plaza, the second, fifth, and sixth points attack the judge's October 2015 rulings on defendants' post-trial motion, and the third and fourth quarrel with evidence issues arising at the trial that occurred in July and August 2015. All these arguments could have been pursued to a final appellate disposition on their merits in the original appeal filed in December 2015 but for defendants' failure to perfect their appeal. In previously remanding so that the judgment could be amended to undo the provisions that impacted Cherry Plaza, we did not open the door to a renewal of defendants' complaints about the denial of a pretrial motion, the admission of evidence at trial, or the denial of their post-trial motion.

Speaking for the Court in <u>Trecartin v. Mahony-Troast Constr. Co.</u>, 21 N.J. 1, 6 (1956), Justice Brennan explained that our judicial system presupposes "a single and complete trial with a single and complete review" by eliminating "an

unseemly parade to the appellate courts." See also Grow Co. v. Chokshi, 403 N.J. Super. 443, 457 (App. Div. 2008) (recognizing the rules governing civil procedure were "adopted in order to eliminate the unnecessary complications and convolutions of the system it replaced" and "to promote efficiency, fairness and the reduction of needless costs and delays"). Now that it is clear from their merits brief that defendants do not seek review of any of the new parts of the amended judgment,[3] only those reviewable in the prior appeal, it is hard to imagine a more egregious violation of Trecartin's philosophy.[4]

---

[3] We do not mean to suggest defendants could not have permissibly appealed aspects of the new judgment not cognizable in the earlier appeal. But defendants plainly do not quarrel with the new judgment, only the old.

[4] Regrettably, defendants' merits brief goes so far as to pretend there never was an earlier appeal. Their appendix does not include a copy of our prior opinion and their procedural history breezes right by the prior appeal as if it never occurred:

> At the close of evidence, [defendants] moved for a directed verdict which was denied by the trial court. A jury entered a verdict on August 7, 2015. [Defendants] timely filed post-trial motions. The trial court denied [defendants'] post-trial motions.
>
> A final order by the trial court was entered on November 6, 2017. [Defendants] timely appeal the final order.
>
> [Citations to the appendix are omitted.]

A-1867-17T4

Serial and piecemeal appeals are interdicted by the significance our judicial system attributes to the appellate mandate. Entry of a final judgment in a civil action provides an aggrieved party with the opportunity to seek – as of right – this court's review of any offending portions of the judgment or prior interlocutory orders, R. 2:2-3(a)(1), when properly identified, R. 2:5-1(e)(3)(i). A party's failure to seek review of cognizable trial court orders or determinations – by identifying them in the notice of appeal – is largely fatal. See 1266 Apartment Corp. v. New Horizon Deli, Inc., 368 N.J. Super. 456, 459 (App. Div. 2004).

Once the appellate process in a civil action reaches a final disposition, any disputes still subject to litigation derive only from the court's mandate. An affirmance terminates all the issues ever raised in the suit; any other disposition leaves for the trial court only those matters fairly encompassed by the mandate, which the parties and the trial court are "under a peremptory duty to obey . . .

Defendants didn't mention the original judgment and didn't mention the prior appeal or its disposition. Defendants' procedural history offers no explanation for the two years that passed between the denial of their post-trial motions and entry of the November 6, 2017 amended judgment. Officers of the court owe us greater candor than this. See RPC 3.3(a); cf., Sessner v. Merck Sharp & Dohme Corp., 435 N.J. Super. 347 (App. Div. 2014) (admonishing counsel for failing to timely advise the court of a settlement).

precisely as it is written." Flanigan v. McFeely, 20 N.J. 414, 420 (1956); see also In re Plainfield-Union Water Co., 14 N.J. 296, 303 (1954) (directing that "[t]he reinvestiture of jurisdiction in the inferior tribunal is in consonance with that judgment, and qualified accordingly"); State v. Kosch, 454 N.J. Super. 440, 444 (App. Div. 2018) (finding a trial court "lacked the authority" to resentence the defendant without first finally adjudicating remanded counts as directed by the mandate); Tomaino v. Burman, 364 N.J. Super. 224, 233 (App. Div. 2003) (recognizing that "the very essence of the appellate function is to direct conforming judicial action").

By dismissing defendants' original appeal and by issuing a mandate that only required trial court action for the benefit of Cherry Plaza, we brought an end to any controversy about all other prior pretrial, trial, and post-trial orders and rulings, and barred defendants from further seeking our review of anything but those aspects of the November 6, 2017 amended judgment that may have aggrieved them. Because defendants' appeal does not suggest any error in the amended judgment and seeks only review of trial court rulings cognizable in the prior appeal and dispensed with when we dismissed that appeal, there is nothing here for us to review.

The appeal is dismissed with prejudice.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1867-17T4