**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2220-19

KELLY WILLIAMS,

    Plaintiff-Respondent,

v.

GLUCK & TOBIN, ESQS.
and IRVING TOBIN,

    Defendants-Appellants.

_____

Submitted January 27, 2021 – Decided March 23, 2021

Before Judges Ostrer and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Docket No. L-4165-17.

LisaBeth Klein, attorney for appellants.

Henry P. Wolfe and David C. Ricci, attorneys for respondent.

PER CURIAM

    Defendants Gluck & Tobin, Esqs. and Irving Tobin appeal from the

November 22, 2019 order, which awarded plaintiff Kelly Williams counsel fees

and costs totaling $20,852.80 and reaffirmed a prior award of $5000 in statutory damages to plaintiff. Defendants also seek reversal of the August 22, 2019 denial of their motion to amend their answer, and the companion orders dated August 30, 2019 orders, which granted summary judgment to plaintiff, and denied such relief to defendants.[1] We affirm.

Plaintiff resided in Roselle Park, and rented an apartment unit from Fred Bonda on October 1, 2015. In conjunction with her tenancy, she received a public assistance rent subsidy and qualified for Section 8 housing. Defendants represented Bonda in filing numerous summary dispossess actions against plaintiff. Gluck & Tobin, Esqs. is a law firm owned and operated by defendant Irving Tobin, Esquire.

On October 11, 2016, defendants filed a summary dispossess action on behalf of Bonda. Their complaint was dismissed after plaintiff paid her overdue rent. Subsequently, defendants filed five more summary dispossess actions against plaintiff. In each of its summary dispossess complaints, defendants demanded plaintiff pay not only outstanding rent, but late charges, lock and key

---

[1] In their notice of appeal and civil case information statement, defendants did not designate the August 22, 2019 and August 30, 2019 orders as orders from which they appealed, yet, contrary to Rule 2:5-1, they presented arguments in their brief regarding these orders.

replacement fees, and attorney fees. Although the summary dispossess actions were collectively dismissed for reasons we need not address in the instant appeal, defendants' filings prompted plaintiff to sue defendants.

On August 9, 2017, plaintiff filed a Special Civil Part complaint against defendants, alleging that one of their summary dispossess complaints violated the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. § 1692.[2] Defendants disputed that they qualified as debt collectors under the FDCPA or that they engaged in unfair debt collection practices. Following a multi-day trial, the Special Civil Part judge issued a written opinion on May 31, 2018, which stated, in part,

> defendants were debt collectors who engaged in unfair debt collection practices under the FDCPA. Moreover . . . their conduct was abusive to the plaintiff when they filed [five] unwarranted summary dispossess actions against her, seeking rent that was paid, [and her tenancy] prohibited attorney fees and late charges, as

---

[2] Congress enacted the FDCPA to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e. A person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another" is deemed a debt collector under the FDCPA. 15 U.S.C. § 1692a6. The Act prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt" including "[t]he false representation of the character, amount or legal status of [the] debt[.]" 15 U.S.C. § 1692(e)(2)(A).

> well as, other miscellaneous fees . . . . [T]he complaints
> were false, misleading, and deceptive and defendants'
> actions were prohibited under sections 1692e and 1692f
> of the FDCPA.

Accordingly, the judge awarded plaintiff $1000 in statutory damages and on August 15, 2018, granted plaintiff counsel fees and costs in the sum of $25,604.53.

While the Special Civil Part action was pending, on November 21, 2017, plaintiff filed a Law Division action against defendants, based on one of the five summary dispossess actions filed by defendants which had not been addressed in the Special Civil Part case. Similar to her allegations in the Special Civil Part suit, plaintiff alleged defendants violated the FDCPA by trying to collect late charges and counsel fees in a particular summary dispossess action, knowing she was a Section 8 tenant. On March 30, 2018, plaintiff amended her complaint to address the remaining FDCPA violations she alleged arose from four other summary dispossess actions defendants filed on behalf of Bonda. On July 13, 2018, plaintiff filed a second amended complaint to join defendant Irving Tobin as a party to the suit. Defendants answered this complaint on August 27, 2018 and included the following affirmative defenses: failure to state a claim; laches; unclean hands; res judicata; and equitable estoppel.

On March 29, 2019, plaintiff moved for summary judgment. Defendants sought and received two lengthy adjournments of this motion to July 12, 2019. On June 26, 2019, instead of responding to the pending summary judgment motion, defendants moved for leave to file and serve an amended answer to assert plaintiff's action should be precluded under the entire controversy doctrine (ECD). Defendants conceded they previously "inadvertently omitted the mention of th[is] Affirmative Defense." The parties consented to adjourn the summary judgment motion until defendants' motion for leave to amend was decided. On August 8, 2019, defendants filed a response to plaintiff's summary judgment motion, which relied on the ECD. Thus, the merits of plaintiff's summary judgment claims were essentially uncontested. Also, on August 8, 2019, defendants filed a cross motion seeking summary judgment and dismissal of plaintiff's second amended complaint.

On August 22, 2019, the Law Division judge denied defendants' motion to amend, finding "[t]he discovery end date is long pas[t]. The proposed amendment seeks to raise the [ECD,] which would be prejudicial at this late date. Laches analysis is appropriate and persuasive here."

On August 30, 2019, the Law Division judge considered the parties' cross applications for summary judgment. No one appeared on behalf of defendants.

5

Nonetheless, the judge inquired why plaintiff's pending action could not have been handled in the Special Civil Part action. Plaintiff's counsel replied, "Well, they could have perhaps," but "[e]ach one of those [actions] is a separate cause of action that can be brought separately." Plaintiff's counsel added, "there's permissive joinder and then there's mandatory joinder . . . . Permissively, we could have brought those cases, just like we brought these five cases now together in one lawsuit, but there [was] no obligation for us to bring the other cases at that time."

The Law Division judge then found:

> The court has considered this matter. It has been before the court for many, many months. Mr. Tobin has requested numerous adjournments in this case and is claiming unavailability. I don't know the circumstances of Mr. Tobin, but this was hung out for an extraordinarily long period of time before today's date where . . . we scheduled this matter for oral argument and somehow Mr. Tobin doesn't appear. At some point the plaintiff and plaintiff's counsel are entitled to an end date.
>
> In this case the plaintiff submitted a statement of material facts consisting of [seventeen] points, which if you follow those . . . points leads one to the conclusion that the plaintiff is entitled to this summary judgment motion . . . . [Mr. Tobin] admitted all of them except the one . . . . Paragraph 17, which states, "The defendant did not appeal the court's decision [in the Special Civil Part matter], so the ruling is a final judgment on the merits." Mr. Tobin, disputes that, he doesn't give a reason, in violation of the rules, which he's supposed to

6

do. But I find as fact that he did not do that and that [the Special Civil Part] ruling that he is a debt collector in the context of this case is the law of the case. And, therefore, summary judgment on all of these other similar cases that Mr. Tobin filed are subject to the debt collection acts and, therefore, plaintiff is entitled to summary judgment in this matter.

Regarding defendants' cross-motion for summary judgment, the judge added:

Mr. Tobin made a cross-motion for summary judgment where he, once again, is basing the case on the entire controversy doctrine. He submitted a single-spaced letter brief, which is against the rules and he's simply relying on the entire controversy doctrine. I already banned that argument because he didn't make it in a timely fair way and . . . and, by the way, the entire controversy doctrine is an equitable doctrine meant to bring cases before the court, as appropriate. I don't find anything in this matter bars the plaintiff[] from proceeding as [s]he did. I do not find the entire controversy doctrine has been violated, to the extent it's a firm order and something that the courts can use when appropriate.

The judge granted plaintiff summary judgment and denied defendants' cross-motion for summary judgment. Subsequently, plaintiff moved for an award of counsel fees and costs and final judgment over defendants' objection. On November 22, 2019, the Law Division judge awarded plaintiff counsel fees and costs totaling $20,852.80 after extensively considering the factors set forth in Rule of Professional Conduct (RPC) 1.5. Defendants moved for

7

reconsideration of the November 22, 2019 order, and their motion was denied on January 10, 2020,[3] with the judge finding

> With respect to Rule 4:49-2 regarding reconsideration, there is nothing new – there is no new information that's submitted and the prior decision that I made is not incorrect, and nothing was overlooked.
>
> Mr. Tobin keeps wanting to repeat his argument on the entire controversy doctrine, which I dealt with in prior decisions.

On appeal, defendants raise three arguments in their point headings, claiming the trial court erred by: (1) applying the incorrect legal standard in its denial of defendants' motion to amend their answer to include the entire controversy doctrine as an affirmative defense; (2) granting plaintiff's summary judgment motion and denying their cross-motion for summary judgment by "ignoring the entire body of case law involving the entire controversy doctrine"; and (3) awarding counsel fees and costs to plaintiff, "both by violating applicable equitable standards, as well as reliance upon its erroneous decisions that plaintiff was entitled to summary judgment."

---

[3] We do not address the January 10, 2020 denial of reconsideration in the instant appeal, as this order was not designated as a challenged order in defendants' notice of appeal or civil case information statement pursuant to Rule 2:5-1, and any argument regarding this order was not briefed. Any issue not raised on appeal or briefed is deemed waived. See Pressler & Verniero, Current N.J. Court Rules, cmt. 5 on Rule 2:6-2 (2021).

A-2220-19

As a threshold matter, we observe that notwithstanding the arguments raised in defendants' point headings, they appealed solely from the trial court's November 22, 2019 order. Rule 2:5-1(e)(3)(i) requires the notice of appeal "shall designate the judgment, decision, action or rule, or part thereof appealed from," and defendants' notice of appeal did not include the August 22, 2019 order denying defendants' motion to amend, or the August 30, 2019 orders on summary judgment.

"[I]t is only the judgment or orders designated in the notice of appeal which are subject to the appeal process and review," and, therefore, defendants have "no right to our consideration" of their arguments concerning the validity of the August 22, and August 30, 2019 orders. 1266 Apartment Corp. v. New Horizon Deli, Inc., 368 N.J. Super. 456, 459 (App. Div. 2004); see also Park Crest Cleaners, LLC v. A Plus Cleaners & Alterations, Corp., 458 N.J. Super. 465, 472 (App. Div. 2019) (explaining "[a] party's failure to seek review of cognizable trial court orders or determinations — by identifying them in the notice of appeal — is largely fatal."). For that reason alone, we reject defendants' arguments challenging the Law Division judge's rulings as embodied in his August 22, and August 30, 2019 orders.

If we were to review defendants' argument regarding the amendment of their answer, we would note that "Rule 4:9-1 requires that a motion for leave to amend be granted liberally" in the interest of justice, and that "the granting of a motion to file an amended complaint always rests in the court's sound discretion." Kernan v. One Wash. Park Urban Renewal Assocs., 154 N.J. 437, 457 (1998); R. 4:9-1. "That exercise of discretion requires a two-step process [to determine] whether the non-moving party will be prejudiced, and whether granting the amendment would nonetheless be futile." Notte v. Merchs. Mut. Ins. Co., 185 N.J. 490, 501 (2005). Thus, "courts are free to refuse leave to amend when the newly asserted claim is not sustainable as a matter of law," Interchange State Bank v. Rinalid, 303 N.J. Super. 239, 256-57 (App. Div. 1997), or when made on the eve of trial, Verni ex rel. Burstein v. Harry M. Stevens, Inc., 387 N.J. Super. 160, 190 (App. Div. 2006) (citing Pressler & Verniero, Current N.J. Court Rules, cmt. 2.2.2 on R. 4:9-1 (2006)). "Other considerations include whether the newly-asserted claim would unduly prejudice the opposing party, survive a motion to dismiss on the merits, cause undue delay of the trial, or constitute an effort to avoid another applicable rule of law." Bldg. Materials Corp. of Am. v. Allstate Ins. Co., 424 N.J. Super. 448, 485 (App. Div. 2012). In short, a motion to amend is properly denied where its

10

"merits are marginal" and "allowing the amendment would unduly protract the litigation or cause undue prejudice." Pressler & Verniero, Current N.J. Court Rules, cmt. 2.21 on R. 4:9-1 (2021).

Based on these principles, we would perceive no basis to disturb the Law Division judge's denial of defendants' proposed amendment. It is uncontroverted they waited close to a year to seek the amendment, and did so after the time for discovery had ended and plaintiff had moved for summary judgment. Also, we cannot ignore that before defendants sought to amend their answer at the end of June 2019, they requested and received two lengthy adjournments, further delaying this matter. Their only justification for their belated request to amend the answer was that they "inadvertently" forgot to add the ECD defense. Further, as plaintiff highlights in her brief, "the parties could have consented to consolidate the claims" either in the Special Civil Part or the Law Division, if defendants had timely raised their purported concerns over piecemeal litigation.

Additionally, to the extent defendants' amendment sought to preclude plaintiff's cause of action, we observe that our Supreme Court characterized preclusion as "a remedy of last resort." Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman and Stahl, P.C., 237 N.J. 91, 111 (2019). In Mitchell

v. Charles P. Procini, D.D.S., P.A., the trial judge relied on the ECD to preclude plaintiff's action against the defendant for failure to join the defendant and dismissed the case. 331 N.J. Super. 445, 449 (App. Div. 2000). On appeal, the court reversed the judgment and concluded that the sanction of preclusion was not warranted. Id. at 456. "Since dismissal with prejudice is the ultimate sanction, it will normally be ordered only when no lesser sanction will suffice to erase the prejudice suffered by the non-delinquent party, or when the litigant rather than the attorney was at fault." Id. at 452 (quoting Abtrax Pharms., Inc. v. Elkins-Sinn, Inc., 139 N.J. 499, 514 (1995)). "Preclusion is, therefore, available as a sanction in the limited circumstances where a lesser sanction is not sufficient to remedy the problem." Id. at 453-54.

As we have indicated, because defendants did not formally appeal from the August 30, 2019 orders, those orders are not properly before us for review. Nevertheless, we recognize that summary judgment is appropriate if the evidence presented "show[s] that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). In determining whether there is a genuine issue of fact, courts ask whether "the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to

12

permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

"Summary judgment must be granted if 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment . . . as a matter of law.'" Town of Kearny v. Brandt, 214 N.J. 76, 91 (2013) (quoting R. 4:46-2(c)). "If there is no genuine issue of material fact, [reviewing courts] must then 'decide whether the trial court correctly interpreted the law.'" DepoLink Ct. Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 333 (App. Div. 2013) (quoting Massachi v. AHL Servs., Inc., 396 N.J. Super. 486, 494 (App. Div. 2007)).

Here, defendants contest the summary judgment rulings by relying on the ECD. As we have indicated, the request to amend their answer to assert this defense was denied. More importantly, when the Law Division judge ruled on the parties' competing summary judgment motions, he found

> plaintiff submitted a statement of material facts consisting of [seventeen] points . . . . [Mr. Tobin] admitted all of them except the one . . . . Paragraph 17, which states, "The defendant did not appeal the court's decision [in the Special Civil Part matter], so the ruling is a final judgment on the merits." Mr. Tobin, disputes

A-2220-19

that . . . . But I find as fact that he did not do that and that [the Special Civil Part] ruling that he is a debt collector in the context of this case is the law of the case. And, therefore, . . . plaintiff is entitled to summary judgment in this matter.

Defendants do not take issue with these findings, and in particular, do not dispute the fact they did not appeal from the Special Civil Part decision whereby they were deemed debt collectors under the FDCPA. They also do not contest they knew plaintiff was a Section 8 tenant or that they sought to collect late charges and attorneys' fees from her, in violation of the FDCPA. Thus, if we considered the merits of defendants' summary judgment argument, we are persuaded we would have no basis to reverse the August 30, 2019 order.

Lastly, defendants contend the trial court erred in awarding counsel fees and costs to plaintiff. We are not persuaded.

The FDCPA provides for the award of costs and "reasonable attorney's fees as determined by the court." 15 U.S.C. § 1692k(a)(3). Additionally, Rule 4:42-9(a)(8) permits the award of attorney's fee "[i]n all cases where attorney's fees are permitted by statute." "In order to determine what constitutes a reasonable attorney's fee under the FDCPA, the [c]ourt must employ the well-recognized 'lodestar' method applicable under other fee-shifting statutes which entails multiplying the total number of hours reasonably expended by a

reasonable hourly rate." Bilazzo v. Portfolio Recovery Assocs., LLC, 876 F. Supp. 2d 452, 458 (D.N.J. 2012) (citing Graziano v. Harrison, 950 F.2d 107, 114 (3d Cir. 1991)). "When the applicant for a fee has carried his burden of showing that the claimed rates and number of hours are reasonable, the resulting product is presumed to be the reasonable fee to which counsel is entitled." Loughner v. Univ. of Pittsburgh, 260 F.3d 173, 178 (3d Cir. 2001) (quoting Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 564 (1986)).

"The amount of attorney fees usually rests within the discretion of the trial judge, but the reasons for the exercising of that discretion should be clearly stated." Khoudary v. Salem Cnty. Bd. of Soc. Servs., 281 N.J. Super. 571, 578 (App. Div. 1995) (citations omitted). Here, the Law Division judge comprehensively addressed all eight factors outlined under RPC 1.5(a), including the hourly rate of, and services expended by, plaintiff's attorney, both of which he deemed reasonable. The judge observed, "not that many attorneys . . . are familiar with the requirements of the Fair Debt Collections Act and [plaintiff's counsel] does meet that" and "has some specialty in that area." The judge also found

> the troubling part about this motion and the opposition
> is that it is apparent . . . defendants Irving Tobin and his

law firm, Gluck & Tobin, have taken a scorched earth policy and approach in litigation of this matter.

. . . .

The opposition from Mr. Tobin essentially wants to repeat all of the litigation and he submits an extensive single-spaced letter brief attempting to go over the history of the entire case since it started out with [the Special Civil Part judge] who found against Mr. Tobin and his firm . . . . Mr. Tobin elects, once again, to repeat his arguments at length that this matter presently before me shouldn't be considered because of his claim it's barred by the entire controversy doctrine.

. . . .

So what really is going on here is Mr. Tobin, again, with a scorched earth policy wants to keep repeating and delaying and forestalling the day when the defendants, including himself, have to pay.

The judge's factual findings and legal conclusions are well supported on this record. Accordingly, we are satisfied he did not abuse his discretion when awarding plaintiff counsel fees and costs in this matter.

To the extent not addressed, defendants' remaining arguments lack sufficient merit to warrant discussion in our written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2220-19