**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1997-19

PATRICK TRAINOR,

    Plaintiff-Appellant,

v.

CHRYSLER CAPITAL,
SANTANDER CONSUMER USA
HOLDING, INC., TETERBORO
AUTOMALL, d/b/a TETERBORO
CHRYSLER JEEP, FCA US LLC,
GENERAL SALES MANAGER
TETERBORO CHRYSLER JEEP,
and SPECIAL FINANCE
MANAGER TETERBORO
CHRYSLER JEEP,

    Defendants-Respondents.

_____

Submitted October 1, 2020 – Decided September 20, 2021

Before Judges Fuentes and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-2473-19.

Patrick Trainor, appellant pro se.

Fontana & Napolitano, LLP, attorneys for respondents Santander Consumer USA Inc., d/b/a Chrysler Capital, Santander Consumer USA Holdings Inc., and FCA US, LLC (Ryan Napolitano, on the brief).

Breslin and Breslin, PA, attorneys for respondent Teterboro Automall, Inc. (E. Carter Corriston, Jr., on the brief).

The opinion of the court was delivered by

FUENTES, P.J.A.D.

On February 25, 2016, plaintiff Patrick Trainor purchased a new Chrysler 200 Sedan from defendant Teterboro Chrysler Dodge Jeep and Ram (Teterboro Automall) for the amount of $33,361.03.  Plaintiff financed the purchase through a retail installment contract offered by defendant Chrysler Capital that charged an interest rate of 19.90%.  The loan was payable over seven years.  Both the purchase contract and loan agreement include arbitration provisions empowering either party to adjudicate any disputes that arise from these contracts by an arbitrator selected by the American Arbitration Association.  The trial court granted defendants to enforce the arbitration provisions.  We affirm.

On March 20, 2019, plaintiff, who is an attorney licensed to practice in this State, filed a civil action against defendants Teterboro Automall and Chrysler Capital, alleging violations of the Consumer Fraud Act,

A-1997-19

N.J.S.A. 56:8-1 to -195 and the Truth in Consumer Contract, Warranty and Notice Act, N.J.S.A. 56:12-14 to 18. After overcoming certain initial difficulties involving service of process, defendants filed their responsive pleadings.

Teterboro Automall moved before the Law Division to enforce the purchase contract's arbitration provision and dismiss plaintiff's cause of action. The matter came for oral argument before Judge Rachelle L. Harz on August 23, 2019. Plaintiff argued against the motion. Judge Harz granted Teterboro Automall's motion and entered an order that same day dismissing plaintiff's complaint and referring the matter for resolution before an arbitrator.

Judge Harz found "the provision that contains the agreement to arbitrate is clear in its language. It states that the consumer is agreeing to waive its right to seek relief in the courts twice. The consumer is informed of the legal effect of the arbitration agreement." She also noted that the contract urges the consumer to "[r]ead the following arbitration provision carefully. It limits your rights, including your right to maintain a court action."

In an order entered on December 6, 2019, Judge Harz also dismissed plaintiff's claims against Chrysler Capital and referred the matter to arbitration. The judge included a handwritten notation located below her signature that

3

stated: "This entire case is referred to AAA. This case is dismissed. Oral argument. [R]easons set forth on the record."

Before we review the validity of the arbitration clauses at issue here, plaintiff must overcome a threshold jurisdictional impediment. The Notice of Appeal (NOA) plaintiff filed on January 20, 2020, seeks appellate review of the order entered by the court on December 6, 2019. In this order, Judge Harz upheld only the arbitration provision in the Chrysler Capital loan agreement.

However, for the first time on appeal, plaintiff argues that both the Teterboro and Chrysler arbitration provisions are inconsistent and conflict with each other, thus nullifying any agreement to arbitrate. According to plaintiff, the language in the Chrysler arbitration provision states that either party may choose to have any dispute decided by an arbitrator. Judge Harz upheld the validity of the arbitration provision in the Teterboro Automall purchase contract in an order entered on August 23, 2019.

"A party's failure to seek review of cognizable trial court orders or determinations - by identifying them in the notice of appeal . . . ." deprives this court of jurisdiction over the omitted order. Park Crest Cleaners, LLC v. A Plus Cleaners & Alterations, Corp., 458 N.J. Super. 465, 472 (App. Div. 2019); see also 1266 Apartment Corp. v. New Horizon Deli, Inc., 368 N.J. Super. 456, 459

(App. Div. 2004). Plaintiff's failure to include the August 23, 2019 order in the NOA or to make any effort to amend the NOA to include this order leaves this court without jurisdiction to review it.

The installment sales contract executed by plaintiff is entitled: "RETAIL INSTALLMENT SALE CONTRACT – SIMPLE FINANCE CHARGE (WITH ARBITRATION PROVISION)." On the bottom of the first page is a box, signed by plaintiff, that states:

> **Agreement to Arbitrate:** By signing below, you agree that, pursuant to the Arbitration Provision on page 4 of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.

The arbitration provision further states:

> **PLEASE REVIEW – IMPORTANT – ; AFFECTS YOUR LEGAL RIGHTS**
>
> **1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.**
>
> **2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY**

5

**CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.**

**3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.**

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action.  If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Provision shall not apply to such claim or dispute.  Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action.  You expressly waive any right you may have to arbitrate a class action.  You may choose the American Arbitration Association, 1633 Broadway, 10th Floor, New York, New York 10019 (www.adr.org), or any other organization to conduct the arbitration subject to our approval.  You may get a copy of the rules of an arbitration organization by contacting the organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules.  The arbitrator shall apply governing substantive law and the

6

applicable statute of limitations. The arbitration hearing shall be conducted in the federal district in which you reside unless the Seller-Creditor is a party to the claim or dispute, in which case the hearing will be held in the federal district where this contract was executed. We will pay your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $5000, unless the law or the rules of the chosen arbitration organization require us to pay more. The amount we pay may be reimbursed in whole or in part by decision of the arbitrator if the arbitrator finds that any of your claims is frivolous under applicable law. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Provision, then the provisions of this Arbitration Provision shall control. Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et. seq.) and not by any state law concerning arbitration. Any award by the arbitrator shall be in writing and will be final and binding on all parties, subject to any limited right to appeal under the Federal Arbitration Act.[1]

The trial court's decision to enforce an arbitration provision is a question of law. We thus review the court's analysis and ultimate conclusion de novo. Goffe v. Foulke Mgmt. Corp., 238 N.J. 191, 207 (2019). However, we are also mindful that both state and federal law favors the enforceability of arbitration

---

[1] Although not relevant here, the arbitration provision allows either party "to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court."

A-1997-19

provisions. <u>Hojnowski v. Vans Skate Park</u>, 187 N.J. 323, 341-42 (2006). Our State Constitution provides that "[t]he right to trial by jury shall remain inviolate . . . ." N.J. Const. art I, § 9; <u>see also</u> U.S. Const. amend. VII. Our State's constitutional right to a jury trial is nevertheless tempered by the Federal Arbitration Act (FAA), which provides:

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist in law or in equity for the revocation of any contract.
>
> 9 U.S.C.A. § 2.

Consistent with the federal public policy codified by Congress in the FAA, a provision compelling arbitration should be upheld unless it falls afoul of an established contractual rule that compels a court to strike down a contractual clause. <u>Leodori v. CIGNA Corp.</u>, 175 N.J. 293, 302 (2003) ("[A] state cannot subject an arbitration agreement to more burdensome requirements than those governing the formation of other contracts.") Any contractual term that waives a signor's statutory or constitutional right must reflect that the party waiving this right "has agreed clearly and unambiguously" to its terms. <u>Ibid.</u>

8

In <u>Atalese v. U.S. Legal Serv. Group</u>, our Supreme Court definitively established the standard for determining the enforceability of an arbitration provision:

> An agreement to arbitrate, like any other contract, "must be the product of mutual assent, as determined under customary principles of contract law." A legally enforceable agreement requires "a meeting of the minds." Parties are not required "to arbitrate when they have not agreed to do so."
>
> Mutual assent requires that the parties have an understanding of the terms to which they have agreed. "An effective waiver requires a party to have full knowledge of his legal rights and intent to surrender those rights." "By its very nature, an agreement to arbitrate involves a waiver of a party's right to have her claims and defenses litigated in court." But an average member of the public may not know -- without some explanatory comment -- that arbitration is a substitute for the right to have one's claim adjudicated in a court of law.
>
> Moreover, because arbitration involves a waiver of the right to pursue a case in a judicial forum, "courts take particular care in assuring the knowing assent of both parties to arbitrate, and a clear mutual understanding of the ramifications of that assent."
>
> [219 N.J. 430, 442 (2014), (internal citations omitted)].

Here, the language used in the arbitration provision puts the ordinary consumer on notice of the rights he or she is waiving by signing the installment

9

loan agreement. We discern no legal basis to disturb Judge Harz's December 6, 2019 order enforcing this arbitration provision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1997-19